S10A1109. IN THE INTEREST OF N. A. U. E., a child.
(700 SE2d 393)

NAHMIAS, Justice.

The juvenile court terminated Rashul Thornton-Bey's parental rights with respect to his 14-year-old son, N. A. U. E. Thornton-Bey filed an application for discretionary appeal in the Court of Appeals challenging the termination order on the merits and arguing that it violates due process to require a parent to file a discretionary application to secure an appeal of an order terminating his parental rights. See OCGA § 5-6-35 (a) (12). The Court of Appeals transferred the application to this Court in light of the constitutional question. We reviewed Thornton-Bey's application and determined that his substantive arguments did not warrant granting an appeal. However, we granted his application to decide whether OCGA § 5-6-35 (a) (12), a relatively new statute that took effect on January 1, 2008, violates due process. We conclude that it does not, and we therefore affirm.

The question before us is narrow. Thornton-Bey does not contend that the procedures the juvenile court followed in terminating his parental rights denied him due process of law. His claim is that it violates due process to make appellate review of the juvenile court's determination discretionary and not as of right. However, it is well settled that "if a full and fair trial on the merits is provided, the Due Process Clause of the Fourteenth Amendment does not require a State to provide appellate review," *Lindsey v. Normet*, 405 U. S. 56, 77 (92 SC 862, 31 LE2d 36) (1972), even in termination of parental rights cases, see *M. L. B. v. S. L. J.*, 519 U. S. 102, 120 (117 SC 555, 136 LE2d 473) (1996). Indeed, "[t]here is no right to appeal granted by either the State or Federal Constitutions to civil litigants or to the defendant or the State in criminal cases." *State v. Smith*, 268 Ga. 75, 75 (485 SE2d 491) (1997). See also *Halbert v. Michigan*, 545 U. S. 605, 623 (125 SC 2582, 162 LE2d 552) (2005) (holding that states may provide for only discretionary appeals even in criminal cases). It follows that OCGA § 5-6-35 (a) (12) does not violate due process.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 2010.

*Dante A. Marshall*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Elizabeth M. Williamson, Assistant Attorney General, Collins, Gordon & Henry, William F. Collins, Cassandra Kirk*, for appellee.