In the Supreme Court of Georgia

Decided: July 5, 2015

S15G1301.  IN THE INTEREST OF B.R.F f/k/a B.R.M., a Child.

BENHAM, Justice.

This appeal comes to us from the grant of a petition for a writ of certiorari.  In the underlying case, appellee Mother's parental rights were terminated on January 14, 2013.  Since Mother was indigent, she was represented by appointed counsel during the termination proceedings in the juvenile court per OCGA § 15-11- 98 (2012).[1]  In a letter that was apparently written prior to the issuance of the final termination of rights order,[2] trial counsel told Mother that he could not represent her in an appeal, that she was not entitled to indigent defense for the discretionary appeal of a civil case, and that she should contact the public defender if she had questions or needed the

---

[1] The appointment of counsel in a termination of parental rights proceeding is now codified at OCGA § 15-11-262 as part of the new Juvenile Code.

[2] The letter is dated December 10, 2013, but this date appears to be a scrivener's error and the letter was likely issued on December 10, 2012, five days after the termination of rights hearing took place on December 5, 2012, and a little over a month before the juvenile court issued the final termination order on January 14, 2013.

appointment of another lawyer.[3]  On February 13, 2013, Mother, who was acting pro se, filed a notice of appeal in the juvenile court;[4] but, months later on May 22, 2013, the juvenile court dismissed the notice of appeal because Mother was required to seek review by discretionary application per OCGA § 5-6-35 (a) (12).[5]  On September 16, 2013, Mother, represented by a new attorney, filed in the Court of Appeals an "application for an out-of-time

---

[3] The letter, which is attached to Mother's application in the Court of Appeals, stated in pertinent part as follows:

> An appeal from a termination of parental rights case is discretionary by the Court of Appeals ….
>
> At this time, it is my understanding from the circuit Public Defender …that you are not entitled to indigent defense for a discretionary appeal of a civil case (termination of parental rights).  You can file a private appeal [without] indigent defense counsel within thirty days [from] the entry of final judgment.  The final order should be entered within the next week.
>
> It should be noted as well that my contract with the Public Defender[']s Office does not include [appellate] work on any appeal or further action on this case would require appoint[ment] of another attorney.
>
> --
> …I am closing my case and any further questions should be directed to the …Public Defender[']s Office.

[4] Mother followed the direct appeal procedures set forth in OCGA §§ 5-6-34 and 5-6-37.

[5] We note that the juvenile court was without authority to dismiss Mother's direct appeal simply because she was required to seek review by discretionary application. See OCGA § 5-6-48 (c); Castleberry's Food Co. v. Smith, 205 Ga. App. 859 (1) (424 SE2d 33) (1992) (a trial court is without authority to dismiss an appeal on jurisdictional grounds).

discretionary appeal," requesting review of the January 2013 termination of rights order.

The Court of Appeals concluded it had jurisdiction to grant Mother's application for an out-of-time discretionary appeal. It reasoned that, although Mother's right to appellate counsel in a civil termination action was statutory and she had no categorical constitutional right to court-appointed counsel as an indigent parent, "*the state rule* was not applied consistent with the requirements of fair procedure guaranteed by the Due Process Clause." (Emphasis supplied.) In the Interest of B.R.F., 332 Ga. App. 49, 54 (1) (770 SE2d 912) (2015). The Court of Appeals further explained:

> [I]n this case, the system did not comport with the Due Process Clause. In this case, an indigent person who desired appellate review of the decision terminating her parental rights was forced (due to the ineffective assistance of her trial counsel) to pursue her one and only first right of appellate review (and a possible full appeal) without an attorney when state law entitled her to be appointed an attorney for appeal. The parent, acting pro se, filed the wrong document in taking her appeal application to this court after her court-appointed trial attorney erroneously notified her that she had no right to court-appointed counsel for appeal.

Id. at 54-55. Having decided it could grant the application for out-of-time discretionary review, the Court of Appeals went on to consider the merits and

3

ultimately affirmed the termination of Mother's parental rights.[6]  We granted

the Georgia Division of Family and Children Services' ("the State's") petition

for certiorari and posed the following question on appeal: "Did the Court of

Appeals err in finding that an appellate court has the authority to excuse the

untimely filing of a discretionary application in a civil parental termination

case?"  For the reasons set forth below, the judgment of the Court of Appeals

is vacated and the case is remanded so that the Court of Appeals may issue an

order dismissing Mother's application for out-of-time discretionary review.

OCGA § 5-6-35 provides that a party must file an application in order to

seek an appeal regarding the termination of parental rights.  OCGA § 5-6-35

(a) (12) and (b).  This Court has held that requiring litigants in termination of

rights cases to seek appellate review by application pursuant to OCGA § 5-6-

35 (a) (12)[7] is constitutional and not a violation of due process.  In the Interest

of N.A.U.E., 287 Ga. 797 (700 SE2d 393) (2010) (noting that there is no "right

to appeal granted by either the State or Federal Constitutions to civil litigants");

---

[6] The facts concerning the merits of the underlying termination of rights action are irrelevant to this appeal.

[7] OCGA § 5-6-35 (a) (12) became effective on January 1, 2008.  Prior to that date, litigants in parental termination cases could file a direct appeal.

In the Interest of A.C., 285 Ga. 829 (2) (686 SE2d 635) (2009). See also M.L.B. v. S.L.J., 519 U.S. 102 (V) (117 SCt 555, 136 LE2d 473) (1996) (in a termination of parental rights case, "due process does not independently require that the State provide a right to appeal"). Thus, litigants in this state cannot obtain relief from an order terminating parental rights by filing a direct appeal. A discretionary application seeking appellate review of an order terminating parental rights must be filed with the clerk of the appellate court within 30 days of entry of the termination order. OCGA § 5-6-35 (d).

In this case, there is no dispute that Mother failed to timely file an application for discretionary review. The Court of Appeals nevertheless granted her application for out-of-time discretionary review and considered the merits because it concluded Mother's constitutional rights were violated when her "right to file an application for discretionary appeal with the assistance of a court-appointed attorney was frustrated because of the ineffective assistance or denial of counsel." In the Interest of B.R.F., supra, 332 Ga. App. at 49. In the context of criminal appeals, we have held that the failure to file a timely application for discretionary review is a jurisdictional defect which typically deprives the appellate court of the ability to consider the case. See Gable v. State, 290 Ga. 81 (2) (a) (720 SE2d 170) (2011). However, such a

jurisdictional defect may be excused in a criminal case when such allowance is necessary to avoid or remedy a constitutional violation which concerns the appeal. Id. at 85-86.[8] Mother contends this rationale in Gable should be extended in the civil context to her termination of rights case because she argues she had a constitutional right to appointed appellate counsel and that the ineffectiveness of trial counsel and/or the failure to appoint appellate counsel frustrated her ability to file a timely discretionary application.

The termination of parental rights is a civil matter. In the Interest of A.R.A.S., 278 Ga. App. 608 (1) (629 SE2d 822) (2006). Civil litigants typically do not enjoy a constitutional right to counsel. See, e.g., Turner v. Rogers, 564 U.S. 431, 441 (131 SCt 2507, 180 LE2d 452) (2011) (The Sixth Amendment does not apply to civil cases.) In this vein, the United States Supreme Court has held that the federal constitution does not require the appointment of counsel at every parental rights termination proceeding. See Lassiter v. Dept. of Social Services of Durham County, N.C., 452 U.S. 18, 31 (101 SCt 2153, 68 LE2d 640) (1981)). Thus, no indigent parent, including

---

[8] This Court ultimately concluded that Gable was not entitled to any relief because he had no constitutional right to an attorney for the purpose of filing a post-conviction extraordinary motion for new trial, or discretionary review thereof, inasmuch as he had already had his direct appeal of right. Id. at 86.

6

Mother, has a categorical constitutional right to the appointment of counsel. Id.[9] The <u>Lassiter</u> Court also acknowledged, however, that there may be some indigent parents who are entitled to representation in a termination proceeding as a matter of due process, depending on those parents' individual circumstances. Id. at 30-31.[10] In these situations, the trial court is to make the initial decision, on a case-by-case basis, as to whether the appointment of counsel is necessary to effect due process for the indigent parent whose parental rights are at stake. Id. at 31-32.

In Georgia, the legislature has decided as a matter of statutory law that a parent is entitled to the appointment of counsel during termination proceedings if the parent is found to be indigent. See the former OCGA § 15-11-98 (b)

---

[9] See also <u>Miller v. Deal</u>, 295 Ga. 504 (2) (2014) (discussing the right to counsel for indigent parents who face incarceration in civil contempt proceedings for nonpayment of child support).

[10] Indeed, the <u>Lassiter</u> decision points out the myriad of complexities that an indigent parent may encounter during termination proceedings:

> [T]he ultimate issues with which a termination hearing deals are not always simple, however commonplace they may be. Expert medical and psychiatric testimony, which few parents are equipped to understand and fewer still to confute, is sometimes presented. The parents are likely to be people with little education, who have had uncommon difficulty in dealing with life, and who are, at the hearing, thrust into a distressing and disorienting situation. That these factors may combine to overwhelm an uncounseled parent is evident from the findings some courts have made.

Id. at 30.

(2012).[11]  In this case, there is no dispute that Mother had counsel for proceedings that took place in the juvenile court.  Rather the issues are (1) whether Mother was constitutionally entitled to counsel on appeal per Lassiter[12] and, if the answer to that inquiry is in the affirmative, (2) whether she received effective assistance.  If the answer to the last question, should it be reached, is negative, then the final determination would be whether Mother is entitled to file an out-of-time application for discretionary review as a remedy.

The Court of Appeals was not authorized to consider any of these issues. First, since the application was untimely, the Court of Appeals lacked jurisdiction over the case.  Gable v. State, 290 Ga. at 82.  Secondly, as per Lassiter, such matters are first required to be considered by the trial court.  452 U.S. at 32.  As such, any initial determinations as to whether this Mother was constitutionally entitled to the appointment of appellate counsel for the purpose of filing a discretionary application, whether this Mother's due process rights

---

[11] OCGA §15-11-98 (b) (2012) provided as follows: "If the parent or parents of the child desire to be represented by counsel but are indigent, the court shall appoint an attorney for such parent or parents…."  See also OCGA § 15-11-262 (j) (2) of the new Juvenile Code.

[12] We note that Lassiter addresses only the potential appointment of counsel at the trial court level in termination proceedings.  The case makes no reference to its applicability, if any, to a situation involving the potential appointment of counsel for the purposes of an appeal.

were frustrated by ineffective assistance of counsel, and whether this Mother is entitled to a remedy in the form of an out-of-time application for discretionary review, are for the juvenile court to decide. Of course, once the juvenile court makes such determinations, its decisions may be subject to appellate review. Id. Therefore, in this instance, the Court of Appeals should have dismissed Mother's application for out-of-time discretionary review by issuing an order with an explanation that Mother is to direct any initial request for such relief to the juvenile court.[13]

---

[13] We have followed a similar process in the criminal context where a criminal defendant, who has a categorical constitutional right to counsel, receives ineffective assistance which frustrates his ability to make a timely first appeal from his conviction. See Rowland v. State, 264 Ga. 872 (452 SE2d 756) (1995). In Rowland v. State, the defendants, whose cases were consolidated, faced the dismissal of their direct appeals because their attorneys untimely filed the notices of appeal. Id. at 872-873. This situation raised a constitutional question because the defendants had a constitutional right to effective assistance of counsel on appeal. Id. We reasoned that a due process violation could be avoided if there was a remedy for a frustrated appeal per Evitts v. Lucey, 469 U.S. 387, 399 (105 SCt 830, 83 LE2d 821) (1985). Id. at 874-874. We then explained the proper procedure to be followed in Georgia:

> A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal. [Cits.] Since an out-of-time appeal is the remedy for a frustrated right of appeal, we may dismiss an appeal of right for failure to follow appellate procedural prerequisites. [Cit.] We conclude that dismissal of the appeal is the appropriate and constitutionally permissible course of action when a represented criminal defendant's appeal has procedural deficiencies that deprive the defendant of the right of appellate review of the judgment of conviction. The order of dismissal, to be sent to the criminal defendant as well as to appellate counsel with direction to send a copy to the defendant, should point out the appellate deficiency and make the defendant and counsel aware of the option of applying for an out-of-time appeal in the court of conviction. Should, upon the defendant's application for out-of-time appeal, it be established to the trial court's satisfaction that the appellate procedural deficiency was due to appellate counsel's failure to perform routine duties, appellant is entitled to an out-of-time

In sum, the juvenile court must make the initial determination whether an indigent parent is entitled to file an out-of-time application for discretionary review to remedy ineffective assistance of counsel if that parent was entitled to appointment of counsel as a matter of due process per Lassiter. In determining whether an indigent parent has a constitutional right to appointed appellate counsel, Lassiter instructs that the three elements propounded in Matthews v. Eldridge, 424 U.S. 319, 335 (96 SCt 893, 47 LE2d 18) (1976) form the backbone as to what due process requires. See Lassiter, 452 U.S. at 27. That is, there must be a balancing of the private interests at stake, the government interests at stake,[14] and "the risk that the procedures will lead to erroneous decisions." Id. See also Susan Calkins, "Ineffective Assistance of

appeal. [Cits.] A defendant granted an out-of-time appeal by the trial court will have 30 days from the grant to file a notice of appeal to the appellate court with subject-matter jurisdiction. A defendant denied an out-of-time appeal by the trial court likewise has 30 days from the trial court's action to file a notice of appeal to the appropriate appellate court. [Cits.]

[14] The State has a well-recognized legitimate interest in securing permanency for the child and that should be a core consideration of our courts no matter the procedural posture of a termination of parental rights case. See In the Interest of A.C., supra, 285 Ga. at 834 ("The State has a legitimate interest in not permitting children determined to be deprived to languish in temporary care, but instead, to leave this situation for permanent stable homes as expeditiously as possible."). It appears that the child in this case has been adopted and so the State's interest in seeking permanency for the child would be particularly strong at this juncture. See, e.g., OCGA § 19-8-18 (e).

Counsel in Parental Rights Termination Cases: The Challenge for Appellate Courts," 6 J. App. Prac. & Process 179, 193 (2004). [15]

For the reasons detailed above, the Court of Appeals' judgment is vacated and on remand it is ordered to dismiss Mother's application for out-of-time discretionary review.

Judgment vacated and case remanded with direction. All the Justices concur.

---

[15] We also note the possibility that an indigent parent's statutory right to counsel should be construed as a statutory right to effective counsel at all stages of the proceeding, with a corresponding remedy if counsel is ineffective. See Calkins, supra, at 197-198 (citing decisions from numerous state appellate courts holding that a statutory right to counsel in parental termination proceedings should be understood as implying a right to effective counsel and a corresponding remedy, as otherwise the statute would effectively be meaningless). See also Nix v. Dept. of Human Resources, 236 Ga. 794, 796 (225 SE2d 306) (1976) (stating that "[i]t is thus quite evident that the entire legislative scheme written into the pertinent provisions of the [former] Juvenile Code was intended to provide to an indigent parent *effective* representation at all stages of any proceeding involving the termination of that parent's right to his or her child." (emphasis added)); McMann v. Richardson, 397 U.S. 759, 771 n.14 (90 SCt 1441, 25 LE2d 763) (1970) (explaining that "[i]t has long been recognized that the [constitutional] right to counsel is the right to the effective assistance of counsel"). Relying in part on this Court's statement in Nix, the Court of Appeals has numerous decisions that treat ineffective assistance of trial counsel claims as cognizable in parental termination proceedings based on the statutory right to counsel. See, e.g., In the Interest of S.B., 335 Ga. App. 1, 10 (780 SE2d 520) (2015); Dell v. Dell, 334 Ga. App. 520, 524 (780 SE2d 348) (2015); In the Interest of A.H.P., 232 Ga. App. 330, 334 (500 SE2d 418) (1998). As with the constitutional claim Mother has raised, however, any argument based on statutory ineffective assistance should be addressed first to the juvenile court.