**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 26, 2017**

# In the Court of Appeals of Georgia

A17A0631. IN THE INTEREST OF M. G. W. et al.

BRANCH, Judge.

A mother who surrendered her parental rights to six children appeals the denial of her motions to vacate or set aside, and for reconsideration, of a juvenile court's decision to terminate her parental rights to the children. The mother primarily argues that she was denied her right to counsel at a hearing on her motions and also denied effective assistance of counsel. For the reasons given below, we vacate the court's order and remand for further proceedings.

For approximately 18 months beginning in July 2014, the Glynn County Department of Family and Children Services ("the Department") had been involved with the mother, multiple fathers, and their children related to serious issues of domestic violence and the mother's failure to protect the children properly. In

December 2015, the Department filed a petition to terminate the parental rights of the mother (and fathers) on several grounds, and the juvenile court appointed counsel to represent the mother. A hearing was set on the petition for May 9, 2016, but three days before the hearing, the mother executed both a "Surrender of Rights [and] Final Release for Adoption" and an "Acknowledgment of Surrender of Rights" for each of her six children named in the petition (the "surrender documents"). On May 9, the termination hearing proceeded during which the State represented that the mother had executed surrenders of parental rights to all six children on May 6. And the mother made a statement that she thought surrendering her rights to the children was in their best interests. The actual surrenders, however, were not admitted into evidence at that hearing.

In the days following the hearing, however, the mother changed her mind and decided to withdraw her decision to surrender the rights to her children. On May 13, the mother saw the children for the last time and later wrote a note in which she stated that she wished to withdraw the surrenders; she served the Department's case manager with the withdrawal on May 17, 11 days after executing the surrenders in the first place. Nevertheless, on June 22, the juvenile court entered an order terminating the mother's parental rights on the ground that the mother surrendered her rights and

2

did not withdraw her surrenders within 10 days as required by law. Under OCGA § 19-8-26 (g), the mother had ten days to revoke those surrenders, and that ten-day period included intervening weekends and holidays.[1]

The mother, through her appointed counsel, then filed a motion to vacate or set aside the termination order and, later, a motion for reconsideration of the same. In the motion to vacate or set aside, the mother argued that her surrenders were timely and that she had not been afforded an opportunity to be heard on her surrenders, including whether they were timely. At the same time, the mother's counsel filed a motion to withdraw as counsel of record. On July 14, the juvenile court held the first of two hearings on the motions. At the first hearing, the mother appeared with her appointed counsel who explained that the mother contended that counsel wrongly advised the mother that the 10-day limit on withdrawing a surrender of parental rights did not include weekends, which is why the mother believed that she had timely withdrawn her surrenders. The court recognized that this constituted a colorable claim of ineffective assistance of counsel. Counsel also explained that the mother stated that

---

[1] The ten-day deadline for revoking a surrender is a firm one. See *In the Interest of B. G. D.*, 224 Ga. App. 124, 128 (2) (479 SE2d 439) (1996) ("a parent may not revoke his or her valid surrender after ten days"); see also *In the Interest of A. B.*, 311 Ga. App. 629, 633 (1) (716 SE2d 755) (2011).

she had new counsel and wanted appointed counsel to withdraw. But the mother's new counsel was not present and the mother sought a continuance. The court granted appointed counsel's motion to withdraw and granted a continuance to July 25, 2016. The court also directed the mother to provide the court with her new attorney's name, address, and telephone number by 5:00 p.m. the following day; she was also instructed that on July 25, the hearing would proceed "with or without an attorney."

At the July 25 hearing, the mother reported that she had paid an attorney some money, but not the full fee, and had a receipt as evidence; although she had tried to contact that attorney, she did not know where he was that day. While court personnel attempted to contact the attorney, the court allowed the Department to question the mother under oath about her attempts to contact the attorney. Court personnel also attempted to determine if the name shown on the receipt was a member of the State Bar. According to the trial court's order, no such person could be found. The Department then asked the court if it should wait for resolution of the location of the mother's attorney or whether it could question the mother about the withdrawal of her surrenders; the court responded, "Well, I'm trying to decide whether I should appoint her an attorney for this." Following some additional questions about her attempts to contact the new attorney and her excuses for not enuring the attorney's presence, the

4

court stated, "Well, I'll tell you what, I'm tired of all this foolishness." Ultimately, the court decided that it was going to proceed without an attorney for the mother.

The Department then introduced the surrender documents and questioned the mother about them. Although she admitted signing the documents, she asserted that she cannot see well and that she relied on a statement by her appointed attorney to the effect that the 10-day deadline for withdrawing her surrenders did not include weekend days. She admitted, however, that her appointed counsel had read the surrender documents to her and that they said that the 10-day period for withdrawing her surrenders extended "not later than ten days from the date of the surrender and that after such ten-day period I shall have no right to revoke the surrender, [and] that

the ten days shall be counted consecutively."[2] The court admitted the surrender documents into the record without objection by the mother.

At the same hearing, the mother's former counsel testified that she fully explained the surrender documents to the mother, line by line. When asked what she told the mother about counting the ten-day period for withdrawing surrenders, however, the former counsel gave a somewhat ambiguous response:

> Q: Did you at any time tell her weekends don't count in regard to counting the ten days?

---

[2] On each surrender, the mother signed an acknowledgment of her right to revoke the surrender. The acknowledgment provided:
> I have the unconditional right to revoke[ ] the surrender by giving written notice, delivered in person or mailed by registered or statutory overnight delivery to [DFCS] not later tha[n] ten (10) days from the date of the surrender and that after such ten (10) day period, I shall have no right to revoke the surrender . . . . [T]he ten (10) days shall be counted consecutively beginning with the day immediately following the date hereof, however, if the tenth (10th) day falls on a Saturday, Sunday, or legal holiday then the last day on which the surrender may be withdrawn shall be the next day that is not a Saturday, Sunday, or legal holiday. . . .

A: I did, I told her that if . . . the tenth day fell on a Saturday, Sunday or holiday then those days wouldn't count, [it would] be the next business day.

Q: But you never told her that there was a general provision that weekends aren't counted in the calculation of ten days but if the last of that tenth day falls on one of those days?

A: I never did tell her that. I actually read [the paragraph of the surrender documents that explains the withdrawal period] to her many times and . . . I read it over and over to her.

The mother, acting pro se, declined to cross examine her former counsel. The court ruled against the mother at the end of the hearing and entered an order denying the mother's motions to vacate/set aside and for reconsideration of the termination of her parental rights. The court held that the plain language of the surrender documents, which the mother admits her attorney read to her, "made it clear that only if the 10th day fell on a weekend or holiday, could the withdrawal be made after the 10th day." And, given that the mother filed her surrender on the 11th day following her execution of the surrenders and there being no allegation of duress, fraud or incapacity, the mother's attempt to withdraw her surrenders on the 11th day had no effect. The court added that

based upon a review of the record as a whole, [ ] even if the mother had not surrendered her parental rights, it is extremely probable that any

7

rational trier of fact would have found by clear and convincing evidence that the Department had met its burden and that the petition for terminating the mother's parental rights would have been granted.

We granted the mother's application for discretionary appeal of the juvenile court's denial of the mother's motions. On appeal she contends that the trial court should have appointed counsel to represent her at the post-termination hearings and that by failing to do so, the trial court deprived her of effective assistance of counsel. The Department argues that under the circumstances, the mother's lack of representation at the July 25 hearing "was a result of her own failure, was entirely within her control and constituted a waiver of her right to counsel."

With the passage of the new Juvenile Code,[3] the Georgia Legislature again has made clear as a matter of statutory law that an indigent parent in a termination proceeding has a right to counsel at all stages of the proceeding. OCGA § 15-11-262 (a) ("[a] child and any other party to a [termination] proceeding . . . shall have the right to an attorney at all stages of the proceedings"; see also *Nix v. Dept. of Human Resources*, 236 Ga. 794, 795 (225 SE2d 306) (1976) (same) (applying pre-2014

---

[3] The new Juvenile Code became effective on January 1, 2014, and it applies "to all offenses which occur and juvenile proceedings commenced on or after such date." Ga. L. 2013, p. 294, 514, § 5-1.

8

juvenile code); *In the Interest of A. H. P.*, 232 Ga. App. 330, 334 (2) (500 SE2d 418) (1998) (mother entitled to effective representation at termination hearing) (applying pre-2014 juvenile code).[4] And "to waive a right as fundamental as effective counsel, the trial court must, on the record, determine that the waiver is knowing, intelligent and voluntary." *In the Interest of J. M. B.*, 296 Ga. App. 786, 789 (676 SE2d 9) (2009) (case involving termination of parental rights) (citation and punctuation omitted).

In *In the Interest of A. M. A.*, 270 Ga. App. 769, 774 (3) (607 SE2d 916) (2004), this Court considered whether a juvenile court erred in failing to appoint an attorney to represent a mother at a termination hearing or failed to hold a hearing to determine whether counsel should have been appointed. In that case, the court had advised the mother over a month prior to the termination hearing that she could "apply for a court appointed attorney if she wished, but that the termination hearing

---

[4] Thus, Georgia, like most other states, has chosen to require higher standards "than those minimally tolerable under the [United States] Constitution." See *Lassiter v. Dept. of Social Svcs. of Durham County, N. C.*, 452 U. S. 18, 31-32 (II) (C), 33 (IV) (101 SCt 2153, 68 LE2d 640) (1981) (holding that an indigent parent in a termination proceeding does not have an absolute right to appointed counsel under the Sixth and Fourteenth Amendments to the United States Constitution); see also *In Interest of B. R. F.*, 299 Ga. 294, 297-298 (788 SE2d 416) (2016) (Georgia provides a statutory right to counsel for indigent parents in termination proceedings).

would take place on 11/13/03." Id. The mother responded that she wished to retain her own attorney. Id. But on the morning of the hearing, the mother appeared without counsel. Id. An indigent defense attorney informed the court that it was unclear whether the mother qualified as indigent for appointment of counsel, in part because she had just lost her job. Id. 774-775 (3). But based on the warning that the court had given the mother about the hearing proceeding as planned, the court held that the mother "didn't qualify promptly or appropriately. She's on her own." Id. at 775 (3).

Based on the applicable law at the time, which, as now, provided that an indigent parent was entitled to "effective representation at all stages of any proceeding involving the termination of that parent's right to his or her child," id. at 774 (citation omitted), this Court held that because it was unclear whether the mother was indigent at the time of the hearing, "it was incumbent on the court to make inquiry into appellant's financial status and properly determine whether she was indigent." Id. And the court's failure to do so was error despite the warning the court gave the mother about having to apply for an indigent defense attorney. Id. "[I]t is the trial court's responsibility to make a determination of indigence based upon evidence and to establish a record of such finding." Id. (citation and punctuation omitted).

10

Here, the mother clearly indicated her desire to be represented by counsel at her post-hearing motions, as shown by her efforts to hire a new lawyer to pursue her claim that her appointed counsel had provided ineffective representation. Yet when the mother's new attorney failed to appear, perhaps because of the mother's inability to pay fully, the juvenile court did not determine whether the mother was still indigent and did not appoint another lawyer to represent her. And when the court elected to go forward without an attorney, the court did not determine that the mother knowingly and voluntarily agreed to waive her right to counsel. See *J. M. B.*, 296 Ga. App. at 788-789 (no knowing and voluntary waiver shown where mother, who was previously deemed indigent, failed to reply to court letter asking her to contact court if she wished to have representation at the termination hearing). Rather, the court appears to have concluded that the mother was not indigent yet failed to employ reasonable diligence in obtaining her own counsel and, as a result, forfeited her right to counsel. See *A. M. A.*, 270 Ga. App. at 776 (3) (non-indigent mother could waive right to appointed counsel by failure to use reasonable diligence to hire attorney).

Under these circumstances, we must vacate the trial court's denial of the mother's motions to set aside/vacate and for reconsideration, and remand the case to the trial court. See *A. M. A.*, 270 Ga. App. at 775-776 (3) (remand required where

11

juvenile court in termination proceedings failed to determine whether unrepresented parent was entitled to appointed counsel and, if not, whether parent had waived right to counsel).[5] On remand, the trial court must hold a hearing to determine whether the mother was indigent at the time of the July 25, 2016 hearing. If she was, the court must appoint counsel for her and conduct a new hearing on her motions, which essentially will constitute a hearing on her claim of ineffective assistance of counsel. If she was not indigent at the time, the court must determine whether she employed reasonable diligence in obtaining an attorney for the July 25, 2016 hearing. See Id. at 776 (3). If she did employ reasonable diligence, she would be entitled to a new hearing on her motions; if she did not employ reasonable diligence, the juvenile court may reenter its original order. Based on the above, this Court need not reach the mother's second enumeration of error concerning the claim of ineffective assistance of counsel.

*Judgment vacated and case remanded with direction. McFadden, P. J., concurs. Bethel, J., concurs fully and specially*.

---

[5] The mother need not show harm to obtain relief because such harm is presumed. See *J. M. B.*, 296 Ga. App. at 790-791 ("total and erroneous denial of appointed counsel during the termination hearing is presumptively harmful because it calls into question the very structural integrity of the fact-finding process"). Although *J. M. B.* involved the termination hearing itself, given that Georgia law provides a right to counsel at "all stages of" termination proceedings, we conclude that harm is presumed in this case as well.

A17A0631.  IN THE INTEREST OF M. G. W. et al

BETHEL, Judge, concurring fully and specially.

I concur fully with all that is said in the majority's opinion and write specially in hopes of providing guidance for the bench in future cases sharing the time line before the court today. Here, the surrenders had not fully ripened at the time of the previously scheduled hearing. The juvenile court, nevertheless, relied exclusively on the now contested surrenders as the basis for terminating parental rights.[1] Because the surrenders are contested at this stage in the proceedings, they cannot form the basis for the juvenile court to be affirmed. Without the surrenders, the instant order lacks sufficient findings of fact and conclusions of law to support termination of the mother's parental rights.[2]

---

[1]This was an understandable choice by the judge given that the parent in question was present in court and affirmed her surrender at that time.

[2]See generally In re A. S., 339 Ga. App. 875 (794 SE2d 672) (2016).

Had the juvenile court developed the record at the hearing and made appropriate findings and conclusions based on the record (as opposed to relying exclusively on the surrenders), its failure to determine whether counsel should be appointed for the mother at the July 25, 2016, hearing would be of no consequence. Such an order would provide sufficient independent grounds to terminate parental rights and the surrenders would be mere surplusage. With this in mind, I take the opportunity to recommend to the interested bench and bar the practice of conducting a full hearing and entering a comprehensive order in cases where an as yet unripened surrender is pending at the time of the hearing.