# Court of Appeals
# of the State of Georgia

ATLANTA,  June 19, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0477.  CHRISTINE METTER v. LONI D. METTER.**

This case was initiated when Loni D. Metter filed a petition seeking to adopt her three minor stepchildren.  Acknowledging that the children's biological mother, Christine Metter, was alive, Loni D. Metter further sought in her petition the termination of Christine Metter's parental rights.  On May 4, 2017, the trial court entered an order terminating Christine Metter's parental rights, and further designating a time frame for scheduling a final adoption hearing.

From that order, Christine Metter filed the instant pro se discretionary application.  She also has filed a motion for the appointment of counsel.  For reasons that follow, we lack jurisdiction.

Ordinarily, a party seeking to appeal an order terminating parental rights must file an application for discretionary appeal.  See OCGA § 5-6-35 (a) (12).  But where, as here, the contested order did not resolve all issues in the case, the case remains pending in the trial court.  See OCGA § 5-6-34 (a) (1) (providing for a direct appeal from a "final judgment[ ], that is to say, where the case is no longer pending in the court below").  Thus, Christine Metter was required to follow the interlocutory appeal procedure of OCGA § 5-6-34 (b).  See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991); *Park v. Bailey*, 329 Ga. App. 569, 571 (765 SE2d 721) (2014); *Gray v. Springs*, 224 Ga. App. 427, 427 (481 SE2d 3) (1997).  Because she did not do so, we lack jurisdiction to consider this application, which is hereby

DISMISSED.[1]

Christine Metter's motion for the appointment of counsel is accordingly DISMISSED as MOOT. See *In the Interest of B. R. F.*, 299 Ga. 294, 298-299 (788 SE2d 416) (2016) (explaining that appellate court could not reach issue concerning whether indigent parent was entitled to appointment of counsel, where parent failed to perfect jurisdiction).



Court of Appeals of the State of Georgia
 Clerk's Office, Atlanta,__06/19/2017_____
 I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
 Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[1] But see *Rokowski v. Gilbert*, 275 Ga. App. 305, 305 (1) (620 SE2d 509) (2005) (explaining that a timely filed notice of appeal from a final judgment and decree of adoption gave appellate court jurisdiction to consider previous orders entered in case, including an order terminating the biological father's parental rights).