# Court of Appeals
# of the State of Georgia

ATLANTA,  February 11, 2022

*The Court of Appeals hereby passes the following order:*

## A22D0236. CAROL WILKERSON v. LOUISE MORGAN.

Following a dispossessory proceeding in magistrate court, Carol Wilkerson filed a pro se wrongful eviction action against Louise Morgan. On May 3, 2017, the trial court entered an order granting Morgan's motion for summary judgment. On May 24, 2017, Wilkerson filed a "motion for appeal," in which she sought to appeal the grant of summary judgment. To date, however, the trial court has not transmitted the record to this Court. In 2019, apparently frustrated by the trial court's failure to rule on her "motion for appeal" and a subsequent motion filed in 2018, Wilkerson filed a petition for mandamus in this Court. We dismissed that petition, finding that the circumstances of the case did not constitute "one of the extremely rare instances in which this Court will exercise original mandamus jurisdiction." *Wilkerson v. Morgan*, Case No. A19A2418 (Aug. 20, 2019). Our order of dismissal noted that any petition seeking mandamus relief must be filed in the trial court. Id. Rather than seeking mandamus relief in the trial court, Wilkerson filed this application for a discretionary appeal on January 18, 2022, seeking review of the May 3, 2017 order. We lack jurisdiction.

Wilkerson has a right of direct appeal from the May 2017 order on summary judgment. See OCGA § 9-11-56 (h). Ordinarily, when a party has a right of direct appeal and files an application for discretionary review, we grant the application. See OCGA § 5-6-35 (j). For us to have jurisdiction to issue such an order, however, the application for a discretionary appeal must be filed within 30 days of the order being appealed. See OCGA § 5-6-35 (d). And here, Wilkerson filed her application more than four years after entry of the order at issue. Given that the application is untimely,

we are without jurisdiction to consider it, and it must be dismissed. See *In the Interest of B. R. F.*, 299 Ga. 294, 298 (788 SE2d 416) (2016) (holding that an appellate court lacks jurisdiction over an untimely application for discretionary appeal); *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (same).

To the extent that Wilkerson is frustrated by the trial court's delay in transmitting the record, we reiterate that her recourse for this frustration is to seek relief in the court below, where she may petition for a writ of mandamus directing the Clerk of the Bulloch County State Court to act on her "motion for appeal."

For the reasons set forth above, this application for a discretionary appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,   02/11/2022

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_____, Clerk.