# Court of Appeals
# of the State of Georgia

ATLANTA,  July 08, 2022

*The Court of Appeals hereby passes the following order:*

## A22D0423. SHANTARIAN COOPER v. ANNIE RAY MAGSALIN.

Shantarian Cooper and Annie Ray Magsalin are the parents of a minor child, born in 2015. Cooper filed a legitimation action as to the child in 2019, and the order in that case included a parenting plan that gave Magsalin sole legal and physical custody of the child, but provided Cooper with visitation. In 2021, Magsalin filed a petition for modification of the parenting plan, seeking to terminate Cooper's contact with the child. Following a hearing, the trial court granted that petition and on December 9, 2021, entered an order suspending Cooper's visitation rights. Approximately four months later, Cooper filed a motion for reconsideration of the trial court's December order. The trial court denied the motion for reconsideration on April 27, 2022, and Cooper then filed this application for a discretionary appeal on June 10, 2022. We, however, lack jurisdiction.

To be timely, a discretionary application must be filed within 30 days of the entry of the order, decision, or judgment sought to be appealed. OCGA § 5-6-35 (d). This statutory deadline is jurisdictional, and this Court cannot accept an application for appeal not made in compliance with OCGA § 5-6-35 (d). See *In the Interest of B. R. F.*, 299 Ga. 294, 298 (788 SE2d 416) (2016) (holding that an appellate court lacks jurisdiction over an untimely application for discretionary appeal); *Hair Restoration Specialists v. State*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (compliance with the discretionary appeals procedure jurisdictional, and failure to comply with that procedure requires dismissal of the appeal). Moreover, the denial of a motion for reconsideration of an appealable order or judgment is not itself appealable and the filing of a motion for reconsideration does not extend the time for filing a

discretionary application for appeal.[1] See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).

Because Cooper's application was filed six months after the order he seeks to appeal, we lack jurisdiction to consider it. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __07/08/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] Even if Cooper could appeal the denial of his motion for reconsideration, his application would still be untimely, as it was filed 44 days after entry of the trial court's order.