# Court of Appeals
# of the State of Georgia

ATLANTA,  August 16, 2022

*The Court of Appeals hereby passes the following order:*

## A23D0014. JIM JACKSON, SR. v. LEHERN MCGOVERN BOVIS, INC.

Jim Jackson, Sr. allegedly received an on-the-job injury in April 1999. He then filed a series of tort claims against Lehern McGovern Bovis, Inc., the general contractor on the project. In June 2001, the trial court dismissed Jackson's claims against Lehern, and this Court affirmed. *Jackson v. Lehern McGovern Bovis, Inc.*, Case No. A03A2094 (decided Dec. 16, 2003). Since that time Jackson has filed numerous pleadings regarding the matter, which were dismissed by the trial courts, and he has been enjoined from filing any further pleadings pertaining to this matter.[1] After Jackson filed another pleading in the matter, the trial court entered an order dismissing that action on April 19, 2022. Jackson then filed this application for discretionary appeal on June 21, 2022.[2]

Pretermitting whether Jackson is entitled to a direct appeal, this case is untimely. To be timely, a discretionary application must be filed within 30 days of the entry of the order, decision, or judgment sought to be appealed. OCGA § 5-6-35 (d). This statutory deadline is jurisdictional, and this Court cannot accept an application for appeal not made in compliance with OCGA § 5-6-35 (d). See *In the Interest of B. R. F.*, 299 Ga. 294, 298 (788 SE2d 416) (2016) (holding that an appellate court lacks

---

[1] Jackson has appealed several of the trial court's decisions. See Case Nos. A12A2311 (dismissed  Aug. 15, 2012), A16D0240 (dismissed Feb. 11, 2016), A20I0171 (dismissed Feb. 18, 2020).

[2] Jackson filed his application in the Supreme Court of Georgia, which transferred the case to this Court. See Case No. S22D1149 (decided July 14, 2022).

jurisdiction over an untimely application for discretionary appeal); *Hair Restoration Specialists v. State*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (compliance with the discretionary appeals procedure is jurisdictional, and failure to comply with that procedure requires dismissal of the appeal). Because Jackson's application was filed 63 days after the order he seeks to appeal, we lack jurisdiction to consider it. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __08/16/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*