# Court of Appeals
# of the State of Georgia

ATLANTA,  March 26, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0308. R. CHRISTOPHER PRATER v. HOGAN CONSTRUCTION GROUP LLC.

Hogan Construction Group LLC ("Hogan") sued its former employee, R. Christopher Prater, seeking an order requiring Prater to return company property and enjoining Prater from contacting Hogan's current or future business partners. Prater filed a number of counterclaims, including one arising under Title VI of the Civil Rights Act of 1964. Shortly after Hogan filed the current action, Prater returned the company's property, and the trial court enjoined Prater from disclosing any "confidential information," as that term was defined in his employment agreement with Hogan. Several months later, in October 2024, the trial court entered summary judgment in favor of Hogan on all of Prater's counterclaims except the one brought pursuant to Title VI. Following the close of discovery, Hogan filed a renewed motion for summary judgment as to the Title VI counterclaim. Prater responded and also filed a motion to compel Hogan's compliance with his discovery requests. On February 11, 2025, the trial court issued a final order granting Hogan summary judgment on Prater's remaining counterclaim, denying Prater's motion to compel, and denying all other pending motions as moot. Approximately two weeks later, the trial court denied Prater's motion for reconsideration of the February 11 order. On March 17, 2025, Prater filed the current application for a discretionary appeal, seeking review of the final order as well as a number of earlier orders entered by the court. We, however, lack jurisdiction to consider this application.

As a general rule, a party has a right of direct appeal from a final judgment. See OCGA § 5-6-34 (a) (1). And here, the February 11 order constitutes a final judgment. See *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) ("an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court") (citation and punctuation omitted). This Court will grant a timely application for discretionary review if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). To be timely, however, a discretionary application must be filed within 30 days of the entry of the order, decision, or judgment sought to be appealed. OCGA § 5-6-35 (d). This statutory deadline is jurisdictional, and this Court cannot accept an application for appeal not made in compliance with OCGA § 5-6-35 (d). See *In the Interest of B. R. F.*, 299 Ga. 294, 298 (788 SE2d 416) (2016) (holding that an appellate court lacks jurisdiction over an untimely application for discretionary appeal); *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (same). Prater's application is not timely, as he filed it filed 34 days following entry of the final order.

Although Prater did file his application within thirty days following entry of the order denying his motion for reconsideration, the filing of a motion for reconsideration does not extend the time for filing a discretionary application for appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). Moreover, the denial of a motion for reconsideration of an appealable order or judgment is not itself appealable. Id.

Given that Prater's application is untimely, and because the order denying his motion for reconsideration is not appealable, we lack jurisdiction. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*   03/26/2025   

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*