# Court of Appeals
# of the State of Georgia

ATLANTA, March 31, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0309. CHRISTOPHER R. PRATER v. JONATHAN HARRIS et al.

Christopher Prater filed a petition for writ of mandamus seeking to compel the Georgia Commission on Equal Opportunity and its deputy director to comply with his request under the Georgia Open Records Act, OCGA § 50-18-70 et seq. The trial court dismissed his petition on February 10, 2025. On March 17, 2025, Prater filed his application for discretionary review. We lack jurisdiction.

As a general rule, a party has a right of direct appeal from a final judgment. See OCGA § 5-6-34 (a) (1). And here, the February 10 order constitutes a final judgment. See *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) ("an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court") (citation and punctuation omitted). This Court will grant a timely application for discretionary review if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). To be timely, however, a discretionary application must be filed within 30 days of entry of the order, decision, or judgment sought to be appealed. OCGA § 5-6-35 (d). This statutory deadline is jurisdictional, and this Court cannot accept an application for appeal not made in compliance with OCGA § 5-6-35 (d). See *In the Interest of B. R. F.*, 299 Ga. 294, 298 (788 SE2d 416) (2016) (holding that an appellate court lacks jurisdiction over an untimely application for discretionary appeal); *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (same). Prater's application is not timely, as he filed it 35 days following entry of the final order.

Although Prater notes he filed a motion for reconsideration in the trial court which has not been ruled upon, the filing of a motion for reconsideration does not extend the time for filing a discretionary application for appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).

Given that Prater's application is untimely, we lack jurisdiction to consider it. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __03/31/2025_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*