# Court of Appeals
# of the State of Georgia

ATLANTA, July 08, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0459. ANTONIO T. GOOLSBY v. KIMBERLY GOOLSBY.

This application for discretionary appeal arises out of a divorce action between Antonio Goolsby ("Husband") and Kimberly Goolsby ("Wife"). Following a final hearing at which neither Husband nor his attorney appeared, the trial court entered a final judgment and decree of divorce on April 28, 2025. That decree divided the couple's marital property and addressed custody of and support for the couple's minor child. Following entry of the decree, Husband filed a motion for reconsideration, which the trial court denied on June 9, 2025. Husband then filed this application for discretionary appeal on June 23, 2025, seeking to appeal the denial of his motion for reconsideration. We lack jurisdiction.

The denial of a motion for reconsideration is not appealable in its own right, either through a direct appeal or through the filing of an application for discretionary appeal. See *Arc Gaming & Technologies, LLC v. Hiram Imp, Inc.*, ___ Ga. App. ___, n. 4, slip op. at *2, n.4 (Case No. A25A0415, June 2, 2025); *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000). Moreover, to the extent that Husband's application could be construed as an attempt to appeal the final judgment and decree of divorce, that application is untimely. An application for discretionary appeal must be filed within 30 days following entry of the order sought to be appealed. OCGA § 5-6-35 (d). And the filing of a motion for reconsideration does not extend the time for filing an appellate challenge to an appealable order. See *Harned v. Piedmont Healthcare Foundation*, 356 Ga. App. 870, 872 (849 SE2d 726) (2020). This statutory deadline is jurisdictional, and this Court cannot accept an application for appeal not made in

compliance with OCGA § 5-6-35 (d). See *In the Interest of B. R. F.*, 299 Ga. 294, 298 (788 SE2d 416) (2016) (holding that an appellate court lacks jurisdiction over an untimely application for discretionary appeal). Husband failed to meet the statutory deadline, as he did not file his application until 56 days following entry of the final judgment and decree of divorce.

In light of the foregoing, we lack jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __07/08/2025__

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*