**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 18, 2025**

# In the Court of Appeals of Georgia

A24A0990. IN THE INTEREST OF M. R. S., A CHILD (MOTHER).

MERCIER, Judge.

In *In the Interest of M. R. S.*, 373 Ga. App. 201, 203 (1) (a) (907 SE2d 203) (2024), we affirmed the juvenile court's order denying the mother's motion to set aside the termination of her parental rights to eight-year-old M. R. S. We further found that the mother had failed to enumerate as error the juvenile court's ruling denying her motion for out-of-time appeal. See id. at 203-204 (1) (b). We thus declined to address the merits of that ruling. See id.

The mother petitioned for certiorari to our Supreme Court, which granted the petition. In the resulting opinion, the Supreme Court did not address the motion to set aside. See *In the Interest of M. R. S.*, 321 Ga. 521 ( SE2d ) (2025). But it concluded

that the mother had properly enumerated error with respect to the denial of her motion for out-of-time appeal. See id. at 522. Consequently, the Supreme Court vacated our judgment and remanded the case for us "to consider the mother's claims about the denial of her motion for an out-of-time appeal." Id.

1. The Supreme Court found no error in our decision relating to the mother's motion to set aside. For the reasons discussed in *M. R. S.*, 373 Ga. App. at 202-203 (1) (a), we again determine that the juvenile court did not abuse its discretion in denying the motion to set aside.

2. The juvenile court declined to consider the mother's motion for out-of-time appeal, concluding that, pursuant to *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022), it lacked jurisdiction to grant an out-of-time appeal or out-of-time application for discretionary review. In *Cook*, our Supreme Court held that "the trial court out-of-time appeal procedure is not a legally cognizable vehicle for a convicted [criminal] defendant to seek relief for alleged constitutional violations." 313 Ga. at 472. It further found that a criminal defendant's "remedy, if any, lies in habeas corpus." Id. at 506 (5). Based on *Cook*, the juvenile court dismissed the mother's out-

of-time appeal request, explaining that it could not "embrace as valid a procedure that the Georgia Supreme Court has concluded is not a legally cognizable vehicle."

The *Cook* decision, however, addressed out-of-time appeals in the *criminal* arena, finding that Georgia's Habeas Corpus Act[1] — rather than a judicially created out-of-time appeal process — provided "the exclusive procedure for vindicating a convicted defendant's constitutional rights[.]" 313 Ga. at 479 (2) (a), 506 (5). The *Cook* Court did not address the validity of an out-of-time appeal in non-criminal contexts, such as civil cases involving the termination of parental rights. See *In the Interest of B. R. F.*, 299 Ga. 294, 297 (788 SE2d 416) (2016) ("The termination of parental rights is a civil matter."). Moreover, six years before *Cook*, the Supreme Court endorsed a procedure for pursuing out-of-time appellate relief in a termination-of-parental-rights case. See id. at 299. In *B. R. F.*, the Court found that "the juvenile court must make the initial determination whether an indigent parent is entitled to file an out-of-time application for discretionary review to remedy ineffective assistance of

---

[1] OCGA § 9-14-40 et seq. Pursuant to OCGA § 9-14-41, the Habeas Corpus Act "provides the exclusive procedure for seeking a writ of habeas corpus for persons whose liberty is being restrained by virtue of a sentence imposed against them by a state court of record."

counsel if that parent was entitled to appointment of counsel as a matter of due process[.]" Id. at 299.

*Cook* does not address *B. R. F.* or offer guidance as to whether the out-of-time appeal/discretionary application procedure previously recognized in termination cases remains viable. Arguably, *Cook* casts doubt on the process. See *In the Interest of J. L. O.*, 366 Ga. App. 452, 453 (883 SE2d 386) (2023) (post-*Cook*, "we question the continuing viability of the out-of-time application remedy that was recognized in *B. R. F.*"). But we cannot ignore the precedent set by *B. R. F.* or declare it overruled by *Cook*, particularly given the different contexts in which the two cases operate.[2] See Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI ("The decisions of the Supreme Court shall bind all other courts as precedents."); *Mercer University v. Stofer*, 345 Ga. App. 116, 123 (1) n.5 (812 SE2d 146) (2018) (although a recent Supreme Court decision "perhaps forecasts 'troubled waters ahead' for the approach taken" in a prior Supreme Court case, the Court "chose not to address that precedent or overrule it[,] [and] we are bound to honor and apply the principles included therein"), vacated on other grounds by *Mercer University v. Stofer*, 306 Ga. 191 (830 SE2d 169) (2019).

---

[2] We note that, following *Cook*, the legislature established a statutory basis for an out-of-time appeal in criminal cases. See OCGA § 5-6-39.1.

The juvenile court erred in concluding that it lacked jurisdiction to consider the mother's motion for out-of-time appeal. *B. R. F.* establishes authority for the out-of-time appellate procedure, as well as a roadmap for analyzing when a parent may pursue such relief following a termination decision. See 299 Ga. at 299. And we may not, as the mother suggests, determine at this point whether due process demands the grant of out-of-time appellate relief here.[3] The Supreme Court made clear that we cannot conduct this analysis for the first time on appeal. See id. The juvenile court never addressed the merits of the mother's motion for out-of-time appeal, which it dismissed after determining that it lacked jurisdiction to entertain the request. Accordingly, we must vacate the dismissal of the motion for out-of-time appeal and

---

[3] The mother raised this argument in a recently-filed supplemental brief. The mother's request to file the supplemental brief is hereby GRANTED.

remand this case for the juvenile court to consider the mother's motion pursuant to the guidelines set forth in *B. R. F.*[4]

*Judgment affirmed in part; vacated in part; and case remanded with direction. McFadden, P. J., and Rickman, J., concur.*

---

[4] The Georgia Department of Human Services asserts that the juvenile court has already conducted the analysis required by *B. R. F.*, citing statements made in an October 20, 2022 order that the juvenile court later vacated. As these statements do not appear in the order now on appeal, we find the Department's citation to the vacated order unhelpful.