# Court of Appeals
# of the State of Georgia

ATLANTA,  September 30, 2025

*The Court of Appeals hereby passes the following order:*

**A26D0105. IN THE INTEREST OF J. J., A CHILD.**

Following a hearing at which Ronalda Fox was represented by counsel, the juvenile court entered an order terminating Fox's parental rights to her child J. J. on August 20, 2025. Fox filed this pro se application for discretionary review on September 23, 2025. We lack jurisdiction.

To be timely, a discretionary application must be filed within 30 days of entry of the order to be appealed. OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582, 583 (420 SE2d 393) (1992). This statutory deadline is jurisdictional, and we cannot accept an application for appeal not made in compliance with OCGA § 5-6-35 (d). *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). As Fox filed her application 34 days after entry of the termination order, the application is untimely and is hereby DISMISSED.

However, Fox is informed that a juvenile court may grant an out-of-time application if a parent's appellate due process rights were frustrated by ineffective assistance of counsel. See *In the Interest of B. R. F.*, 299 Ga. 294, 298-299 (788 SE2d 416) (2016); *In the Interest of M. R. S.*, ___ Ga. App. ___, ___ (2) (918 SE2d 829), Case

No. A24A0990, slip op. at 3-5 (July 18, 2025). This determination must be made by the juvenile court in the first instance. *In the Interest of B. R. F.*, 299 Ga. at 299.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  09/30/2025*

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , *Clerk.*