# Court of Appeals
# of the State of Georgia

ATLANTA, December 03, 2025

*The Court of Appeals hereby passes the following order:*

**A26D0172. DEREK VASSER v. KAREN STEPHENS-VASSER.**

On August 13, 2025, the DeKalb County Superior Court issued a 12-month family violence protective order against Derek Vasser and in favor of his wife, Karen Stephens-Vasser. Vasser subsequently filed a motion for a new trial, which the trial court heard on October 1, 2025. According to Vasser, at the conclusion of that hearing, the trial court orally denied his motion. Vasser acknowledges, however, that the trial court has not yet entered a written order reflecting its oral ruling. On November 3, 2025, Vasser filed this application seeking discretionary review of the trial court's purported denial of his new trial motion. We lack jurisdiction to consider the application.

Georgia's Appellate Practice Act grants this Court jurisdiction to consider discretionary applications seeking to appeal final judgments entered in certain categories of cases, including domestic relations cases. See OCGA § 5-6-35 (a) (2). A trial court's oral pronouncement made during a hearing, however, does not constitute a judgment. See *Payne v. Myatt*, 351 Ga. App. 678, 679 (2) (832 SE2d 663) (2019). Instead, a ruling constitutes a final, appealable judgment when it has been reduced to writing, signed by the judge, and filed with the clerk of court. See *In re Tidwell*, 279 Ga. App. 734, 739 (1) (b) (632 SE2d 690) (2006); OCGA § 5-6-31. Given that the trial court has not yet entered a written order ruling on Vasser's new trial motion, there is no order from which Vasser may appeal. Consequently, we are without jurisdiction to consider this application.

Moreover, to the extent Vasser's application seeks to appeal the protective

order, rather than the denial of his motion for a new trial, the application is untimely. A discretionary application must be filed within 30 days of the entry of the order, decision, or judgment sought to be appealed. OCGA § 5-6-35 (d). This statutory deadline is jurisdictional, and this Court cannot accept an application for appeal not made in compliance with the relevant statute. See *In the Interest of B. R. F.*, 299 Ga. 294, 298 (788 SE2d 416) (2016) (an appellate court lacks jurisdiction over an untimely application for discretionary appeal). Here, to be timely as to the protective order, Vasser's application needed to be filed no later than September 12, 2025.

In light of the foregoing, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  12/03/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*