# Court of Appeals
# of the State of Georgia

ATLANTA,  April 01, 2026

*The Court of Appeals hereby passes the following order:*

**A26D0419. REGINALD HARVEY v. THE STATE.**

In 2016, Reginald Harvey was convicted of burglary and theft by taking and was sentenced as a recidivist to 25 years without parole. This Court affirmed Harvey's convictions and in doing so, we rejected Harvey's argument that the trial court erred in sentencing him as a recidivist. *Harvey v. State*, 344 Ga. App. 761, 773–74(3) (811 SE2d 479) (2018). Harvey has since filed several post-conviction challenges to his conviction and sentence, each of which was denied. In September 2025, Harvey filed a motion to correct his sentence alleging that he had been improperly sentenced as a recidivist, and therefore his sentence was void. The trial court denied that motion on December 30, 2025 and, seeking to appeal that order, Harvey filed the current application for discretionary appeal on March 10, 2026. We lack jurisdiction.

A discretionary application must be filed within 30 days of the entry of the order, decision, or judgment sought to be appealed. OCGA § 5-6-35 (d). This statutory deadline is jurisdictional, and this Court cannot accept an application for appeal not made in compliance with OCGA § 5-6-35 (d). *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). See also *In the Interest of B. R. F.*, 299 Ga. 294, 298 (788 SE2d 416) (2016) (an appellate court lacks jurisdiction over an untimely application for discretionary appeal).

Harvey's application, which was filed 70 days after entry of the order he seeks to

appeal, is untimely. Consequently, we are without jurisdiction to consider the application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 04/01/2026

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*