## A01A1181. WILSON v. CARVER.
(555 SE2d 848)

POPE, Presiding Judge.

Robert F. Wilson sent an application for discretionary appeal by certified mail to this court on October 5, 2000. The order Wilson sought to appeal, which concerned child support and modification of visitation rights, was entered on September 5, 2000. The application Wilson presented to this court did not include a pauper's affidavit or the prescribed filing fee. Wilson's completed application containing the filing fee was filed on October 10, 2000.

This court dismissed Wilson's application on October 31, 2000. Wilson filed a motion for reconsideration of that dismissal, arguing that extenuating circumstances precluded the timely filing of the application. This court granted the motion for reconsideration of the dismissal and granted the application.

Because this court has no jurisdiction over this matter, we must dismiss the appeal. OCGA § 5-6-4 provides that the costs for applications for appeals filed in the Court of Appeals shall be paid "at the time of the filing of the application." The statute then provides: "The clerk is prohibited from receiving the application for appeal or the brief of the appellant unless the costs have been paid or a sufficient affidavit of indigence is filed or contained in the record." See generally *Sorrentino v. Boston Mut. Life Ins. Co.*, 206 Ga. App. 771, 772 (2) (426 SE2d 594) (1992).

The mandate of OCGA § 5-6-4 is reiterated in our Court of Appeals Rule 5 which states that the clerk "shall not file any matter unless the costs have been paid or a sufficient pauper's affidavit has been filed." Consistently, Court of Appeals Rule 4 states that "[a] document shall be deemed filed when it is physically delivered to the Clerk's office, with sufficient costs, if applicable. . . ." The second sentence of Court of Appeals Rule 4 elaborates upon the provisions for the filing by registered or certified mail.[1]

Wilson argues that the failure to file the filing fee does not warrant dismissal because this is not one of the three instances enumerated in OCGA § 5-6-48 (b). This argument lacks merit. Here, the *completed* application was not filed within 30 days of the entry of the order, as required under OCGA § 5-6-35 (d), and this court has no jurisdiction of an untimely application. Moreover, this court lacks the authority to grant an extension of time for the filing of an application for discretionary appeal. *Rosenstein v. Jenkins*, 166 Ga. App. 385 (304 SE2d 740) (1983); Court of Appeals Rule 16 (c).

---

[1] Contrary to Wilson's arguments, we find no inconsistency between the first and second sentences of Court of Appeals Rule 4. The first sentence of the rule describes the requirements for completing; the second sentence allows for filing by mail.

*Appeal dismissed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED OCTOBER 26, 2001 — 

*Gary C. Harris*, for appellant.
*Griner & Mirate, Galen A. Mirate, Ellisa Garrett*, for appellee.

