## S11A1070. GABLE v. THE STATE.
### (720 SE2d 170)

NAHMIAS, Justice.

We granted certiorari in this case to consider whether a trial court has the authority to grant an out-of-time discretionary appeal

in a criminal case as a remedy for counsel's failure to timely file a discretionary application. We conclude that Georgia courts do not have such authority where, as here, that remedy is not required by a violation of the appellant's constitutional rights.

1. In 1995, a jury found Appellant Homer Gable guilty of rape, aggravated sodomy, aggravated child molestation, and six counts of child molestation. The Court of Appeals affirmed on direct appeal. See *Gable v. State*, 222 Ga. App. 768 (476 SE2d 66) (1996). Appellant was represented by counsel at trial and on appeal. In October 2008, Appellant filed a pro se extraordinary motion for new trial under OCGA § 5-5-41 based on the alleged recantation of one of the victims. In November 2008, the trial court appointed a public defender to represent him. The court denied the extraordinary motion for new trial on July 30, 2009. Appellant's counsel filed a notice of appeal.

The Court of Appeals dismissed Appellant's direct appeal due to failure to follow the discretionary appeal procedure required by OCGA § 5-6-35. That statute says that appeals in certain types of cases, including "[a]ppeals, when separate from an original appeal, from the denial of an extraordinary motion for new trial" OCGA § 5-6-35 (a) (7), must be taken by filing an application for discretionary appeal with the appropriate appellate court "within 30 days of the entry of the order, decision, or judgment complained of," OCGA § 5-6-35 (d).

On December 10, 2009, Appellant filed a motion for an out-of-time discretionary appeal with the trial court, which the court granted the next day on the ground that Appellant's counsel was ineffective in failing to file a timely application for discretionary appeal. Appellant then filed an application for discretionary appeal with the Court of Appeals. The Court of Appeals ruled that the trial court did not have the authority to grant an out-of-time discretionary application and dismissed Appellant's application because he did not file it within 30 days of the original, July 30, 2009, trial court order denying his extraordinary motion for new trial. This Court granted certiorari.

2. (a) The Court of Appeals has held that the failure to meet the statutory deadline for filing a discretionary appeal is a jurisdictional defect. See *Wilson v. Carver*, 252 Ga. App. 174, 174 (555 SE2d 848) (2001). See also *Spurlock v. Dept. of Human Resources*, 286 Ga. 512, 525 (690 SE2d 378) (2010) (Nahmias, J., concurring specially) (citing *Wilson v. Carver* for the proposition that "[o]ur appellate courts have no jurisdiction over an untimely application"). That holding is consistent with this Court's cases holding that compliance with the statutory deadline for filing a notice of appeal is an "absolute requirement" to confer jurisdiction on an appellate court. See, e.g., *Cody v. State*, 277 Ga. 553, 553 (592 SE2d 419) (2004); *Gulledge v.*

*State*, 276 Ga. 740, 741 (583 SE2d 862) (2003); *Legare v. State*, 269 Ga. 468, 469 (499 SE2d 640) (1998); *Rowland v. State*, 264 Ga. 872, 872 (452 SE2d 756) (1995).

The initial statutory deadline for filing both a notice of appeal and a discretionary application is 30 days. See OCGA § 5-6-38 (a) (notice of appeal); OCGA § 5-6-35 (d) (discretionary application). In addition, however, OCGA § 5-6-39 provides statutory authority to trial and appellate courts to grant extensions of the deadlines for certain types of filings.[1] In *Rosenstein v. Jenkins*, 166 Ga. App. 385 (304 SE2d 740) (1983), the Court of Appeals held that, "[w]hile the trial court has the authority under OCGA § 5-6-39 [(a) (1)] to grant a 30-day extension of time for filing a notice of appeal, there is no comparable authority for granting an extension of time for filing an application for discretionary appeal." Id. See also *Wilson v. Carver*, 252 Ga. App. 174, 174 (555 SE2d 848) (2001) (stating that "this court lacks the authority to grant an extension of time for the filing of an application for discretionary appeal," citing *Rosenstein* and Court of Appeals Rule 16 (c), which provides that "[n]o extension of time shall be granted for filing interlocutory or discretionary applications or filing responses thereto").

Judge McFadden's treatise on appellate practice suggests that *Rosenstein* was wrongly decided because it failed to address whether discretionary applications come within subsection (a) (5) of OCGA § 5-6-39, which authorizes the grant of extensions for "[a]ny other similar motion, proceeding, or paper for which a filing time is prescribed." See Christopher J. McFadden, Edward C. Brewer, and

---

[1] OCGA § 5-6-39 provides in full as follows:

(a) Any judge of the trial court or any justice or judge of the appellate court to which the appeal is to be taken may, in his discretion, and without motion or notice to the other party, grant extensions of time for the filing of:

(1) Notice of appeal;

(2) Notice of cross appeal;

(3) Transcript of the evidence and proceedings on appeal or in any other instance where filing of the transcript is required or permitted by law;

(4) Designation of record referred to under Code Section 5-6-42; and

(5) Any other similar motion, proceeding, or paper for which a filing time is prescribed.

(b) No extension of time shall be granted for the filing of motions for new trial or for judgment notwithstanding the verdict.

(c) Only one extension of time shall be granted for filing of a notice of appeal and a notice of cross appeal, and the extension shall not exceed the time otherwise allowed for the filing of the notices initially.

(d) Any application to any court, justice, or judge for an extension must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order. The order granting an extension of time shall be promptly filed with the clerk of the trial court, and the party securing it shall serve copies thereof on all other parties in the manner prescribed by Code Section 5-6-32.

Charles R. Sheppard, Georgia Appellate Practice with Forms § 19:3, n. 6 (2011-2012 ed.) ("Georgia Appellate Practice"). The treatise explains that it is not surprising that OCGA § 5-6-39 (a) does not specifically list discretionary applications as a type of filing for which extensions are authorized, because

> there was no discretionary appeal procedure when O.C.G.A. § 5-6-39 was enacted. O.C.G.A. § 5-6-39 was enacted with the Appellate Practice Act of 1965 and has not been amended since. Ga. Laws 1965, p. 18, § 6. O.C.G.A. § 5-6-35, which provides for discretionary appeals, was first enacted in 1979. Ga. Laws 1979, p. 619. Although applications for discretionary appeals were not added to the list of items at O.C.G.A. § 5-6-39 (a) for which extensions are expressly allowed, neither were they added to the list of items at O.C.G.A. § 5-6-39 (b) for which extensions are expressly forbidden. Subsection (a) of O.C.G.A. § 5-6-39 has a catch-all provision; subdivision (b) does not.

Georgia Appellate Practice § 19:3, n. 6.

This Court has never decided whether OCGA § 5-6-39 authorizes courts to extend the original 30-day filing deadline for discretionary applications, although our longstanding Rule 12 instructs parties how to seek "[e]xtensions of time for filing petitions for certiorari, *applications*, and motions for reconsideration" filed in this Court. (Emphasis added.) We decide the issue now to provide guidance on this important question of appellate procedure and because if Appellant were entitled to a statutory extension of time to file his discretionary application, we need not reach the constitutional issues raised by his motion for an out-of-time application.

Looking to the text of OCGA § 5-6-39, a discretionary application is another "paper for which a filing time is prescribed," and it is "similar" to the four types of filings for which extensions of time are expressly authorized in subsections (a) (1)-(4). Like a discretionary application, those four items — a notice of appeal, a notice of cross-appeal, a transcript of the evidence and proceedings on appeal, and a portion of the record designated under OCGA § 5-6-42 — are preliminary papers filed in taking an appeal to an appellate court. By contrast, the two types of filings for which extensions are prohibited by OCGA § 5-6-39 (b) — motions for new trial or for judgment notwithstanding the verdict — are used to initiate post-conviction relief in the trial court. Considering the statute as a whole, we conclude that extensions of time may be granted for discretionary applications pursuant to OCGA § 5-6-39 (a) (5).

The extension request must still be timely under OCGA § 5-6-39

(d). In addition, while the introductory language of OCGA § 5-6-39 (a) states that the deadlines for filings encompassed by that subsection may be extended by "[a]ny judge of the trial court or any justice or judge of the appellate court to which the appeal is to be taken," each court has the authority to control its own docket. See *Kraft, Inc. v. Abad*, 262 Ga. 336, 336 (417 SE2d 317) (1992). Because a discretionary application must be filed only in an appellate court, see OCGA § 5-6-35 (d), a *trial* court may not grant an extension of the time to file the application pursuant to OCGA § 5-6-39. For these reasons, we overrule *Rosenstein* and *Wilson* to the extent that they incorrectly hold that an *appellate* court has no authority to grant an extension of the time to file a discretionary application under OCGA § 5-6-39.

Our conclusion does not, however, salvage Appellant's discretionary application. Even assuming that his December 10, 2009, motion for an out-of-time discretionary appeal could somehow be construed as a request for a statutory extension of time, it was not filed within 30 days of the July 30, 2009, order denying his extraordinary motion for new trial, see OCGA § 5-6-39 (d), and it was filed in the trial court, which had no statutory authority to grant an extension of time. Thus, Appellant clearly failed to comply with the jurisdictional requirement of filing his discretionary application within the statutorily allotted time.

(b) Relying on cases like *Henry v. State*, 278 Ga. 617, 620 (604 SE2d 826) (2004), in which courts have excused a party's failure to comply with court rules and other non-jurisdictional procedural requirements, Appellant contends that trial and appellate courts have the inherent, equitable power to excuse the late filing of a discretionary appeal. However, courts have "no authority to create equitable exceptions to jurisdictional requirements" imposed by statute. *Bowles v. Russell*, 551 U. S. 205, 214 (127 SC 2360, 168 LE2d 96) (2007).

Instead, Georgia courts may excuse compliance with a statutory requirement for appeal only where necessary to avoid or remedy a constitutional violation concerning the appeal. For example, in *Rowland*, our Court explained that, because a criminal defendant has a constitutional right to the effective assistance of counsel for his first appeal of right, a trial court has the authority to excuse the untimely filing of a notice of appeal caused by defense counsel's ineffective representation by granting an out-of-time direct appeal. See 264 Ga. at 874-876. This procedure avoids the constitutional violation that would otherwise arise if deficient representation caused the defendant to lose his first appeal of right. See id. Accord *Evitts v. Lucey*, 469 U. S. 387, 395-397 (105 SC 830, 83 LE2d 821) (1985) (holding that due process required the granting of a new

appeal to the defendant when his counsel's ineffectiveness in failing to comply with state appellate court rules led to the dismissal of his first appeal of right); *Shirley v. State*, 188 Ga. App. 357, 360 (373 SE2d 257) (1988) (explaining that "the basis for permitting an out-of-time appeal must have rested upon an issue of constitutional dimension concerning the appeal itself, such as ineffective assistance of counsel resulting from failure to file a timely appeal or counsel's abandoning an appeal desired by defendant, or failure to advise defendant of his right to appeal"). To the extent that *Johnson v. State*, 182 Ga. App. 477, 477-478 (356 SE2d 101) (1987), and *Mitchell v. State*, 157 Ga. App. 181, 182 (276 SE2d 864) (1981), may be read to allow an out-of-time appeal for reasons of non-constitutional significance, those decisions are overruled.

(c) Appellant argues that he was entitled to the effective assistance of counsel to pursue his discretionary appeal and that the violation of this constitutional right requires the granting of an out-of-time appeal. But his premise is incorrect. There is no constitutional right to counsel, much less the effective assistance of counsel, in filing or litigating a post-conviction extraordinary motion for new trial or a discretionary application to appeal the ruling on such a motion. See *Murrell v. Young*, 285 Ga. 182, 183 (674 SE2d 890) (2009) (holding that a defendant has no constitutional right to counsel to pursue a post-conviction extraordinary motion for new trial); *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002) (holding that "an out-of-time appeal is not available to one whose conviction has been affirmed on direct appeal"); *Gibson v. Turpin*, 270 Ga. 855, 859-860 (513 SE2d 186) (1999) (holding that a defendant has a right to counsel at trial and on direct appeal of right "but no further"). See also *Ross v. Moffitt*, 417 U. S. 600, 609-618 (94 SC 2437, 41 LE2d 341) (1974) (holding that, following a direct appeal of right, a criminal defendant has no constitutional right to counsel to pursue further discretionary state appeals or applications for review by the United States Supreme Court); *Coleman v. Thompson*, 501 U. S. 722, 753-754 (111 SC 2546, 115 LE2d 640) (1991) (explaining that, under agency principles, a client bears the risk of attorney error for such matters as filing deadlines unless the error amounts to ineffective assistance in violation of the client's constitutional right to counsel).

For these reasons, the trial court had no authority to grant Appellant an out-of-time discretionary application from the denial of his extraordinary motion for new trial, and the Court of Appeals therefore properly dismissed Appellant's application as untimely.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 17, 2011.

Adam S. Levin, for appellant.

Lee Darragh, District Attorney, Lindsay H. Burton, Assistant District Attorney, Stewart, Melvin & Frost, Lydia J. Sartain, for appellee.

Hunton & Williams, Jason M. Beach, Lawrence J. Bracken II, Rhani M. Lott, Sarah E. Geraghty, Raoul D. Schonemann, amici curiae.