# Court of Appeals
# of the State of Georgia

ATLANTA,  April 24, 2012

*The Court of Appeals hereby passes the following order:*

**A12D0356.  ANTONIO ROBINSON v. THE STATE.**

On February 22, 2012, the trial court entered an order denying Antonio Robinson's motion to correct his sentence.[1]  On April 13, 2012, Robinson filed his application for discretionary appeal, challenging the trial court's order.

Robinson did not include a copy of the motion that led to the order on appeal. To the extent that he argued that his sentence was void, however, we point out that the denial of a motion to correct a void sentence is directly appealable and therefore, does not require an application for discretionary appeal.  See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009) (a direct appeal lies from an order denying a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal). Ordinarily, when a party applies for discretionary review of a directly appealable order – such as one denying a motion to correct a void sentence – we grant the application under OCGA § 5-6-35 (j).  To fall within this general rule, however, the application must be filed within 30 days of entry of the order or judgment to be appealed. OCGA § 5-6-35 (d); *Hill v State*, 204 Ga App 582 (420 SE2d 393) (1992).  Robinson filed his application 44 days after the trial court entered its order. Accordingly, we lack

---

[1] Robinson filed a motion for extension of time to file his application for discretionary appeal on March 27, 2012, but this Court lacks the authority to grant an extension of time for the filing of an application for discretionary appeal where the request for an extension is not filed before the expiration of the period for filing as originally prescribed.  See *Gable v. State*, 290 Ga. 81, 85 (2) (a) (720 SE2d 170) (2011); OCGA § 5-6-39 (d).

jurisdiction to consider the application, which is hereby *DISMISSED* as untimely.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,*  04/24/2012
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*