**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 10, 2012**

# In the Court of Appeals of Georgia

A12A0380. OSBORN v. THE STATE.

MIKELL, Presiding Judge.

Charles Wayne Osborn, convicted on October 28, 2009, of aggravated battery, cruelty to children, and hindering an emergency phone call, , appeals from the trial court's denial of his motion for out-of-time appeal.

Osborn filed a notice of appeal from his conviction on October 29, 2010. That appeal was dismissed by order of this court on January 7, 2011, which order also advised Osborn that he could file a motion for out-of-time appeal with the trial court. Osborn did so on August 29, 2011, and that motion was denied by the trial court on September 20, 2011, without a hearing.

As acknowledged by appellee, this matter must be remanded to the trial court for a hearing on the issue of whether the failure to file a timely appeal was the result of a constitutional violation concerning the appeal.[1]

*Judgment reversed and remanded with direction. Miller and Blackwell, JJ., concur.*

---

[1] *Gable v. State*, 290 Ga. 81, 85-86 (720 SE2d 170) (2011), citing *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995) ("Should, upon the defendant's application for out-of-time appeal, it be established to the trial court's satisfaction that the appellate procedural deficiency was due to appellate counsel's failure to perform routine duties, appellant is entitled to an out-of-time appeal.") (footnote omitted).