# Court of Appeals
# of the State of Georgia

ATLANTA,___October 30, 2014_____

*The Court of Appeals hereby passes the following order:*

## A15D0094.  MARRICK STEPHENS v. THE STATE.

On April 22, 2010, the trial court entered an order revoking Marrick Stephens's first offender status and sentencing him to incarceration.  On October 7, 2014, Stephens filed this "Out-of-Time Application For Discretionary Appeal."  We, however, lack jurisdiction.

An application for discretionary appeal must be filed within 30 days of the entry of the order or judgment to be appealed.  See OCGA § 5-6-35 (d).  The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith.  See *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989).  While this Court is authorized to grant an extension of time for the filing of an application for discretionary appeal, requests for extensions must be filed "on or before the due date of the discretionary application." Court of Appeals Rule 31 (g).  Otherwise, this Court lacks the authority to grant the request.  See *Gable v. State*, 290 Ga. 81, 85 (2) (a) (720 SE2d 170) (2011); OCGA § 5-6-39 (d).

As Stephens acknowledges in his application, it is untimely because he filed it more than 30 days after entry of the revocation order.  See OCGA § 5-6-35 (d). Because Stephens did not request an extension before the original due date, we cannot excuse his noncompliance with the 30-day deadline. See *Gable*, supra; OCGA § 5-6-39 (d).  Accordingly, this application is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,_____10/30/2014_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.