# Court of Appeals
# of the State of Georgia

ATLANTA,  September 15, 2016

*The Court of Appeals hereby passes the following order:*

**A17E0005. INGRAM v. THE STATE.**

In 2013, Gregory W. Ingram pled guilty in the Superior Court of Pulaski County to possession of methamphetamine. Ingram was sentenced to five years probation and a $1500 fine. Approximately 2 years later, on March 26, 2015, the State filed a petition to revoke Ingram's probation alleging, inter alia, that on March 23, 2015 Ingram "did internally possess . . . [m]ethamphetamine[] [as shown by] a drug screen and. . . his own admission," and that this conduct violated both the general and special conditions of Ingram's probation. The trial court held a revocation hearing and on July 8, 2015, it entered an order finding that the State had proved Ingram's probation violation and continuing Ingram on probation, subject to his successful completion of a residential substance abuse program.  Two days later, at the request of both the State and Ingram, the trial court amended its order and revoked Ingram's probation and sentenced him to two years incarceration.[1] On September 14, 2016, Ingram filed a pro se emergency motion in this Court, seeking permission to file an out-of-time application for a discretionary appeal.

As Ingram's motion recognizes, Georgia law provides that a defendant seeking to appeal an order revoking his probation must file an application for a discretionary appeal. OCGA § 5-6-35 (a) (5). And such an application must be filed within 30 days of the entry of the order the defendant seeks to challenge. OCGA § 5-6-35 (d). "[T]he failure to file a timely application for discretionary review is a jurisdictional defect which typically deprives the appellate court of the ability to consider the case." *In the*

---

[1] According to Ingram, he refused to enter a treatment program.

*Interest of B. R. F.*, 299 Ga. 294, 296 (788 SE2d 416) (2016). See also *Gable v. State*, 290 Ga. 81, 82 (2) (a) (720 SE2d 170) (2011) ("compliance with the statutory deadline for filing a notice of appeal is an 'absolute requirement' to confer jurisdiction on an appellate court") (citations omitted). OCGA § 5-6-39 (a) (5), however, authorizes this Court to grant a defendant an extension of time in which to file his discretionary application, provided two conditions are met. *Gable v. State*, 290 Ga. 81, 82 (2) (a). First, the request for an extension must be timely under OCGA § 5-6-39 (d), and second, such an extension must be necessary to avoid or remedy a constitutional violation concerning the defendant's appeal. Id. at 84-85 (2) (a), (b). See also *In the Interest of S. M. B.*, 319 Ga. App. 125, 126 (735 SE2d 122) (2012).

Under OCGA § 5-6-39 (d), "any application to any court, justice, or judge for an extension must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order." Thus, any request for an extension of time of time in which to file an application for a discretionary appeal must be made within 30 days after entry of the order sought to be appealed. The order which Ingram seeks to appeal was entered on July 10, 2015. Ingram's September 14, 2016 request for an extension of time in which to file his application for discretionary appeal, therefore, is untimely, and we are without authority to grant the same. See *Gable*, 290 Ga. at 85 (2) (b) ("courts have no authority to create equitable exceptions to jurisdictional requirements imposed by statute") (citation and punctuation omitted). Accordingly, Ingram's motion is hereby DENIED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*____09/15/2016____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*