# Court of Appeals
# of the State of Georgia

ATLANTA,  November 09, 2016

*The Court of Appeals hereby passes the following order:*

**A17D0140.  WILLIAM A. ACREE v. THE STATE.**

On November 14, 2014, the trial court entered an order revoking William A. Acree's first-offender probation for committing the new offense of kidnapping.  On August 18, 2016, Acree filed an application seeking discretionary review of that order.  We dismissed the application as untimely.  See Case No. A17D0053, dismissed September 14, 2016.  Acree has now filed a second application seeking discretionary review of the same order.  He asks us to accept his out-of-time application because his right to file a timely application was frustrated by ineffective assistance of counsel.  We, however, have no authority to grant the relief that Acree seeks.

Pursuant to OCGA § 5-6-39 (a) (5), this Court may grant an extension of time for filing an application for discretionary appeal.  *Gable v. State*, 290 Ga. 81, 84 (2) (a) (720 SE2d 170) (2011).  The request for an extension, however, "must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order."  OCGA § 5-6-39 (d); see also *Gable*, 290 Ga. at 84-85 (2) (a).  Acree's request for an extension comes nearly two years after entry of the order he wishes to appeal.  The request is therefore untimely.

In *Gable*, the Supreme Court noted that an appellate court "may excuse compliance with a statutory requirement for appeal only where necessary to avoid or remedy a constitutional violation concerning the appeal" in a criminal case.  290 Ga. at 85 (2) (b).  Acree contends that his frustrated appeal due to ineffective assistance of counsel is such a constitutional violation.  But a probation revocation proceeding is "not a stage of the criminal prosecution"; accordingly, a probationer has only a

limited due process right to counsel, rather than an absolute Sixth Amendment right to representation, at a revocation hearing. *Banks v. State*, 275 Ga. App. 326, 328 (620 SE2d 581) (2005). Whether Acree was constitutionally entitled to counsel at the revocation hearing, and—if so—whether that right was violated, are matters "first required to be considered by the trial court" following the procedure set forth in *In the Interest of B. R. F.*, 299 Ga. 294, 298-299 (788 SE2d 416) (2016) (holding that this Court should have dismissed out-of-time application for appeal in parental rights termination case and "the juvenile court must make the initial determination whether an indigent parent is entitled to file an out-of-time application for discretionary review to remedy ineffective assistance of counsel if that parent was entitled to appointment of counsel as a matter of due process"). Thus, we have no authority to permit an out-of-time discretionary appeal at this juncture.

Accordingly, this untimely application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____11/09/2016_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*