# Court of Appeals
# of the State of Georgia

ATLANTA, April 18, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0401. PAUL MARVIN HOOD v. THE STATE.**

On January 31, 2018, the trial court entered an order revoking Paul Marvin Hood's probation. On March 21, 2018, Hood filed this application for discretionary appeal. We, however, lack jurisdiction.

Hood's application is untimely. To be timely, a discretionary application must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Hood's application was filed 49 days

after entry of the order he seeks to appeal. Accordingly, we lack jurisdiction to consider the application, which is hereby DISMISSED.[1]



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,  04/18/2018*
       *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

       *Stephen E. Castlen*

_____ *, Clerk.*

---

[1] We received Hood's "Motion for Extension of Time to File a Discretionary Appeal," on February 12, 2018. However, we could not docket the motion because it did not contain a stamp "filed" copy of the trial court's order. See Court of Appeals Rule 16 (c) (extension of time to file discretionary applications must comply with Rule 40 (b), Emergency Motions); Rule 40 (b) (2) (emergency motion must contain a stamped "filed" copy of order to be appealed). Hood then filed the same document with a stamp "filed" copy of the trial court's order on March 21, 2018. We construed this second attempt to file the document as an application. However, even if we construed this document as a motion for extension of time, it would nonetheless be untimely because this Court may only grant an extension of time to file an application for discretionary appeal if it is made "before expiration of the period for filing as originally prescribed or as extended by a permissible previous order." OCGA § 5-6-39 (d); see also *Gable v. State*, 290 Ga. 81, 84-85 (2) (a) (720 SE2d 170) (2011).