# Court of Appeals
# of the State of Georgia

ATLANTA,  March 11, 2019

*The Court of Appeals hereby passes the following order:*

**A19D0356.   COOSA NATION OF NORTH AMERICA (USA) EX REL, MONIQUE Y. TATE et al. v. WELLS FARGO BANK, N.A. et al.**

This case began as a dispossessory proceeding in magistrate court. Following an adverse ruling, defendants Monique Y. Tate and Michael F. Tate appealed to the superior court. On December 20, 2018, the trial court granted Wells Fargo Bank, N.A.'s motion for summary judgment and issued a writ of possession. Then, on February 19, 2019, Monique Y. Tate, proceeding as the Coosa Nation of North America ex rel. Monique Y. Tate, filed this application for discretionary review. She asks this Court to extend the time to file her application and review the trial court's order of December 20, 2018. For the reasons that follow, we deny the request for an extension of time as untimely and dismiss this application for lack of jurisdiction.

Under OCGA § 5-6-39 (a) (5), this Court may grant an extension of time for filing an application for discretionary review. See *Gable v. State*, 290 Ga. 81, 84-85 (2) (a) (720 SE2d 170) (2011); accord Court of Appeals Rule 16 (c). The request for an extension, however, "must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order." OCGA § 5-6-39 (d); accord Court of Appeals Rule 31 (i); *Gable*, 290 Ga. at 84-85 (2) (a). Appeals from judgments in dispossessory actions must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56; *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011). The deadlines for filing applications for discretionary review are jurisdictional, and this Court cannot accept an application not made in compliance with the applicable deadline. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).

The application and the request for an extension of time therein are untimely because they were filed 61 days after the trial court's order was entered.[1] See OCGA §§ 5-6-39 (d); 44-7-56; *Gable*, 290 Ga. at 84-85 (2) (a); *Radio Sandy Springs*, 311 Ga. App. at 335-336. Accordingly, the motion for an extension of time in which to file an application for discretionary review is hereby DENIED, and the application for discretionary review is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,___03/11/2019_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[1] Given the untimeliness of the request for an extension of time, we need not consider whether the request otherwise violates our Court Rules. See Court of Appeals Rules 16 (c) ("Requests for extensions of time to file discretionary applications must be directed to this Court and should be filed pursuant to Rule 40 (b), Emergency Motions."); 40 (b) (setting forth the requirements for filing an emergency motion).