# Court of Appeals
# of the State of Georgia

ATLANTA,  September 05, 2019

*The Court of Appeals hereby passes the following order:*

## A20D0031. CHRISTY LESCOTA-GRAILER v. SHANON DEL JONES.

Christy Lescota-Grailer and Shanon Del Jones share joint custody of their minor child, and they have litigated several custody disputes. In their most recent appeal, this Court vacated a portion of the trial court's order and remanded the case. See *Grailer v. Jones*, 349 Ga. App. 625 (824 SE2d 118) (2019). On July 9, 2019, the trial court issued its final order on remand. Lescota-Grailer filed an application for discretionary appeal from this ruling on August 9, 2019. Jones has filed a motion to dismiss the application as untimely.

An application for discretionary review must be filed within 30 days of entry of the order or judgment to be appealed.  OCGA § 5-6-35 (d).  The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith.  See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Here, Lescota-Grailer filed her application 31 days after entry of the order, and thus the application is untimely.

In recognition of this fact, Lescota-Grailer has filed a motion to change the filing date. She contends that she properly filed the application on July 8, 2019 and was surprised to learn the next day that the application had been submitted without the trial court's order and thus could not be accepted for filing. See Court of Appeals

Rule 31 (c). She reasons that there must have been a technical malfunction with this Court's e-filing system that prevented the document from uploading properly.[1]

OCGA § 5-6-39 (a) (5) permits this Court to grant an extension of time for filing an application for discretionary review. See *Gable v. State*, 290 Ga. 81, 84-85 (2) (a) (720 SE2d 170) (2011); accord Court of Appeals Rule 16 (c). The request for an extension, however, "must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order." OCGA § 5-6-39 (d); see also Court of Appeals Rule 31 (i); *Gable*, 290 Ga. at 84-85 (2) (a).

Lescota-Grailer does not seek an extension. She admittedly missed the filing deadline. Assuming that this Court has inherent authority to excuse compliance with jurisdictional requirements, such authority is necessarily limited. See, e. g., *Gable*, 290 Ga. at 85 (2) (b) (in a criminal case, an appellate court may excuse compliance with such requirements only to the extent necessary to avoid or remedy constitutional violations). Although Lescota-Grailer suggests the missed deadline was caused by a malfunction with the Court's e-filing system, this Court is unaware of any technical issues with the system on the date of filing. Under these circumstances, excusing compliance with jurisdictional requirements is not warranted.

---

[1] We note that this Court received several calls on July 8 from the law office of Lescota-Grailer's attorney with questions regarding the e-filing process. The caller was informed that the Court closed at 4:30 p.m. and thus any application would need to be filed before then if the applicant wished the Court to review the submission that day. It appears, however, that the application was not submitted until after 4:30 p.m., and the submission was not reviewed until the following morning at which time it was discovered that no trial court order was included with the submission. See Court of Appeals Rule 31 (c) ("Discretionary applications must contain a stamped 'filed' copy of the trial court's order or judgment from which the appeal is sought. . . . The Court will return any application not containing a stamped "filed" copy of the trial court order or judgment on which the application is based.").

For these reasons, Lescota-Grailer's motion to change the filing date is DENIED, and Jones's motion to dismiss is GRANTED. The application for discretionary appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __09/05/2019_____
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*