# Court of Appeals
# of the State of Georgia

ATLANTA,  January 20, 2021

*The Court of Appeals hereby passes the following order:*

**A21D0164, A21D0165. IN THE INTEREST OF J. M., A CHILD (FATHER).**

In these related applications for discretionary appeal, the father of minor child J. M. seeks appellate review of two trial court orders that were entered on October 29, 2020. The trial court granted the father's request for an extension of time to seek appellate review of its orders, and he filed these applications on December 21, 2020. We lack jurisdiction because the applications are untimely.

An application for discretionary appeal must be filed within 30 days of the entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Because applications for discretionary review are filed in the appellate court, it is the appellate court – not the trial court – that is authorized to grant an extension of time to file a discretionary application. *Gable v. State*, 290 Ga. 81, 85 (2) (a) (720 SE2d 170) (2011).

Here, although the trial court purported to grant the father an extension of time

to file his applications for discretionary appeal, it was not authorized to do so.[1] See *id.* As no valid extension was granted, the father's applications are untimely. Filing deadlines are jurisdictional, and this Court is unable to accept an untimely application. See *Crosson v. Conway*, 291 Ga. 220, 220 (1) (728 SE2d 617) (2012). Accordingly, these applications are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, __01/20/2021__*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] The Supreme Court has recognized that, to avoid federal due process violations in a parental rights termination case, a trial court may grant a parent permission to pursue an out-of-time application for discretionary review if the parent's appellate due process rights were frustrated by ineffective assistance of counsel. See *In the Interest of B. R. F.*, 299 Ga. 294, 296-298 (788 SE2d 416) (2016). But here, the juvenile court's orders granting the extension do not address whether counsel provided ineffective assistance. Without such a finding by the juvenile court, this Court cannot consider the father's untimely applications. See *id.* at 298-300.