# Court of Appeals
# of the State of Georgia

ATLANTA,  July 11, 2022

*The Court of Appeals hereby passes the following order:*

**A22D0432. ZACHARY CAREY v. THE STATE.**
**A22D0433. ZACHARY CAREY v. THE STATE.**

In August 2006, Zachary Carey pleaded guilty to aggravated assault, leaving the scene of an accident with injuries, fleeing/eluding police, obstructing a law enforcement officer, and violating motor vehicle laws. He was sentenced to a total of twenty years, with the first eight years to be served in confinement and the balance on probation. In 2019, the State move to revoke Carey's probation based on his violation of certain conditions, including his commission of new criminal offenses, his failure to abide by curfew, and his failure to enter and successfully complete a 12-month in patient treatment program. Carey signed a written waiver of his right to a probation revocation hearing and admitted the alleged probation violations.  In exchange, the State agreed to seek the revocation of only 18 months of the probated sentence. The trial court revoked 18 months of Carey's probation and ordered him to spend that time in confinement.

The waiver form signed by Carey specifically noted that following his 18 months in confinement, Carey would still be required to complete the balance of his sentence on probation. Similarly, the trial court's order provided that following Carey's service of 18 months in confinement, all conditions of his probation would remain in effect. However, the order also erroneously indicated that Carey's probation would expire on June 30, 2021.

After discovering the error in the trial court's order as to the expiration date of Carey's probation, the State moved to amend that order. The trial court granted that motion and on April 13, 2021 entered an amended order stating that Carey's sentence

would be complete and his probation would end on February 22, 2026. One year later, Carey moved to set aside the amended order, arguing that he was not provided with notice of or an opportunity to be heard on the State's motion to amend. Carey further asserted that he had waived his right to a probation revocation hearing and agreed to serve 18 months in confinement because he believed doing so would shorten the probated portion of his sentence.

While the motion to set aside was pending, Carey was again charged with violating his probation. In the revocation petition, the State alleged that Carey had committed new criminal offenses in September and November 2021 and March 2022 and had refused to submit to a random drug screen in March 2022. Carey challenged the State's petition on the grounds that his probation ended on June 30, 2021.

The trial court held separate hearings on both Carey's motion to set aside and the State's petition to revoke probation. On May 12, 2022, the court entered an order denying the motion to set aside. Approximately one week later, on May 18, 2022, the trial court entered an order revoking Carey's probation and requiring him to serve the remainder of his sentence in confinement. On June 21, Carey filed two separate applications for a discretionary appeal. In Case No. A22D0432, Carey seeks review of the order denying his motion to set aside. And in Case No. A22D0433, he seeks review of the order revoking his probation. We lack jurisdiction in both cases.

An application for discretionary review must be filed within 30 days following entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d). "The requirements of OCGA § 5-6-35 are jurisdictional and this court cannot accept an application for appeal not made in compliance therewith." *Moulder v. Reilly*, 226 Ga. App. 608, 608 (487 SE2d 142) (1997) (punctuation omitted); see also *Gable v. State*, 290 Ga. 81, 82 (2) (a) (720 SE2d 170) (2011) (noting that this Court "has held that the failure to meet the statutory deadline for filing a discretionary application is a jurisdictional defect"). Here, Carey filed his application 40 days after entry of the order denying his motion to set aside and 34 days after entry of the order revoking his probation. Each of the applications is therefore untimely. Accordingly, the applications in both Case No. A22D0432 and Case No. A22D0433 are hereby

DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __07/11/2022__

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*