**FIFTH DIVISION
MCFADDEN, P. J.,
BROWN, and MARKLE, J.J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**October 17, 2023**

# In the Court of Appeals of Georgia

A23A1099. IN RE BRUNI.

MCFADDEN, Presiding Judge.

The appellants seek to appeal two probate court orders entered in a proceeding for the appointment of a guardian and conservator. The appellants are the proposed ward and his wife. The appellees are adult children of the proposed ward. They have filed a motion to dismiss the appeal. We grant the appellees' motion and dismiss this appeal because we lack jurisdiction.

1. *Background.*

From the limited materials included in the appellate record, it appears that in April 2021, children of the proposed ward filed a petition for the appointment of a permanent guardian and conservator for the proposed ward. At some point, they also sought the appointment of an emergency guardian and conservator.

The probate court conducted a hearing on the emergency petition, and on June 16, 2022, entered an order in which she declined to appoint an emergency guardian but found that the petitioners had met their burden of proof for the appointment of an emergency conservator. The probate court found that the proposed ward's Alzheimer's disease had progressed to the point that he could not make significant financial and legal decisions; that the proposed ward's wife continued to move and liquidate his assets, losing, in just one transaction, $220,000 of value to the proposed ward's estate; and that there was an immediate risk of continued dissipation of the proposed ward's assets unless a conservator were appointed. See OCGA § 29-5-14 (b) (4). So the court appointed an emergency conservator for 60 days or until the appointment of a permanent conservator. See OCGA § 29-5-16 (b) (3) (B), (E).

To protect the proposed ward's financial accounts pending the resolution of the petition for a permanent conservator and in the proposed ward's best interests, the June 16, 2022 order froze the proposed ward's assets, except for automatic deductions that previously had been established to pay his living expenses, until a hearing on the

permanent petition. The court noted that the petition for a permanent conservator, which began the case, remains pending.[1]

On December 5, 2022, the proposed ward moved the court to unfreeze his assets. He asserted that 60 days had passed, so the emergency conservatorship had terminated by operation of law, see OCGA § 29-5-16 (b) (3) (E); that a permanent conservator had not been appointed; that although the court had held that automatic deductions to pay the proposed ward's living expenses were permitted, those automatic deductions had not been made; and that he could not pay his living expenses.

On December 28, 2022, the probate court entered the two orders the appellants seek to appeal. In one of the orders, the court held that the proposed ward had not presented sufficient evidence supporting his contention that he was unable to pay his living expenses. The court directed him to file within 10 days, or as soon as practicable, evidence to support his claim, after which the court would consider the

---

[1] The June 16, 2022 order was not subject to appeal, and the appellants did not attempt to appeal it. See OCGA § 15-9-123 (a) ("Either party to a civil case in the probate court shall have the right of appeal to . . . the Court of Appeals from any decision made by the probate court, except . . . an order appointing an . . . emergency conservator. . . ."); *In re Estate of Strother*, 364 Ga. App. 304, 305 (873 SE2d 463) (2022).

proposed ward's motion and consider issuing partial relief from the freeze of his assets. The court held that until then, the asset freeze would remain in effect.

In the other December 28, 2022 order, the court amended the asset freeze to authorize required minimum distributions from two of the proposed ward's individual retirement accounts in order to avoid adverse tax consequences.

After the probate court denied their application for a certificate of immediate review, the proposed ward and his wife filed a notice of appeal from the two December 28, 2022 orders. Once the appeal had been docketed in our court, the appellees moved to dismiss it on the ground that neither order was subject to the direct appeal procedure.

2. *Disposition of this case is within the jurisdiction of the Court of Appeals.*

The appellants argue that because the appeal concerns extraordinary remedies in equity, we should transfer the appeal to our Supreme Court. Effective January 1, 2017, see 2016 Ga. Laws 626 § 6-1 (c), this court has jurisdiction over "[a]ll equity cases, except those cases concerning proceedings in which a sentence of death was imposed or could be imposed and those cases concerning the execution of a sentence of death[.]" OCGA § 15-3-3.1 (a) (2).

3. *This case must be dismissed because the orders are not final orders.*

Orders of probate courts of counties with a population of more than 90,000 persons — including the Fulton County Probate Court — may generally be appealed directly to the Court of Appeals. See OCGA §§ 15-9-120 (2); 15-9-123 (a). However, unless some other statute authorizes a direct appeal, the order must be final. See OCGA § 5-6-34 (a) (1) (appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below"); OCGA § 15-9-123 (a) (the provisions of Chapter 6 of Title 5 [of the Official Code of Georgia] apply to probate appeals). Here, the limited materials in the record indicate that the proceeding remains pending below, and the appellants do not argue otherwise. So, unless their appeal falls into another statutory provision allowing a direct appeal, the appellants were required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the probate court — to obtain review of the orders. See OCGA § 5-6-34 (b); *In re Estate of Reece*, 360 Ga. App. 364, 365-366 (861 SE2d 169) (2021). The probate court declined to issue the certificate, and we may not interfere with the court's discretion in this regard. See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588 (1) (408 SE2d 103) (1991).

4. *OCGA § 5-6-34 (a) (4).*

The appellants argue that the December 28, 2022 orders are appealable as orders either granting or denying an injunction. We disagree.

OCGA § 5-6-34 (a) (4) permits direct appeals from "[a]ll judgments or orders granting or refusing applications for receivers or for interlocutory or final injunctions[.]" But none of the probate court's orders granted or denied an injunction.

First we note that "equitable remedies [such as injunctions] are beyond the scope of the probate court." *Lee v. Lee*, 260 Ga. 356 (1) (392 SE2d 870) (1990). None of the probate court's orders in this case grant or deny injunctive relief.

The June 16, 2022 order appointing an emergency conservator and freezing the proposed ward's assets simply memorializes the statutory revocation of the proposed ward's powers over his property upon the appointment of the emergency conservator. See OCGA § 29-5-21 (a). Cf. OCGA § 9-5-1 ("Equity, by a writ of injunction, may restrain proceedings in another or the same court, a threatened or existing tort, or any other act of a private individual or corporation which is illegal or contrary to equity and good conscience and *for which no adequate remedy is provided at law.*") (emphasis supplied).

The December 28, 2022 order amending the asset freeze to allow distributions from two individual retirement accounts is an order modifying the court's June 16,

6

2022 order. The December 28, 2022 order declining to rule on the proposed ward's emergency motion pending the filing of additional evidence simply deferred ruling on the proposed ward's motion for relief. "[O]rders which reserve ruling on substantive issues in a case have been determined to be interlocutory in nature." *Mays v. Rancine-Kinchen*, 291 Ga. 283, 284 (729 SE2d 321) (2012).

None of the orders amount to the grant or refusal of an application for an injunction, so they are not directly appealable under OCGA § 5-6-34 (a) (4).

5. *The orders are not void*.

The appellants argue that the orders are appealable under OCGA §§ 9-12-16 and 9-11-60 because they are void since the emergency conservatorship had ended by operation of law when the probate court entered them. They do not explain why the termination of the emergency conservatorship — which we assume for purposes of this appeal, in fact, occurred — rendered the orders void where the probate court entered the orders in the context of the pending petition for permanent conservatorship. See *In the Interest of A. H.*, __ Ga. __, __ (2) (__ SE2d __) 2023 WL 5337866, at *1 (Case No. S22G1035, decided Aug. 21, 2023) ("we have not explicitly identified what principle or principles of law distinguish erroneous-but-valid orders from erroneous orders that are void and of no legal

7

effect.") (citations and punctuation omitted). See also OCGA § 15-9-30 (a) (6) ("Probate courts have authority . . . to exercise original, exclusive, and general jurisdiction of . . . [a]ll controversies as to the right of guardianship and conservatorship . . . .").

6. *Constitutional violations*.

Citing *Gable v. State*, 290 Ga. 81, 82 (720 SE2d 170) (2011), the appellants argue that the orders are directly appealable to avoid constitutional violations. They argue that the probate court's denial of their application for a certificate of immediate review deprives them of timely, meaningful review of the probate court's violation of their constitutional rights because of her exercise of jurisdiction after the emergency conservatorship had ended.

In *Gable*, our Supreme Court held that "Georgia courts may excuse compliance with a statutory requirement for appeal *only* where necessary to avoid or remedy a constitutional violation concerning the appeal." 290 Ga. at 85 (2) (b) (emphasis supplied). But the appellants have failed to show "a constitutional violation concerning the appeal" in this case. Id. "Georgia law is well settled that the right to appeal is not constitutional, but instead depends on statutory authority." *Jones v. Peach Trader*, 302 Ga. 504, 511 (III) (807 SE2d 840) (2017). "[I]n the absence of a

8

colorable claim that a litigant's rights are at risk in the face of adherence to statutory appellate requirements, such requirements must be adhered to by this [c]ourt." *Duke v. State*, 306 Ga. 171, 183 (3) (c) (829 SE2d 348) (2019).

In any event, the appellants "did not raise this constitutional issue in the [probate] court and obtain a distinct ruling on it from that court, [so] the issue cannot be considered for the first time in this [c]ourt." *Smith v. Baptiste*, 287 Ga. 23, 30 (3) (694 SE2d 83) (2010). Cf. *In the Interest of A. C.*, 285 Ga. 829, 832 (1) (686 SE2d 635) (2009) (our Supreme Court "has recognized a limited exception to [the] general rule [that the court will not rule on a constitutional challenge to a statute unless raised and ruled on in the trial court] in the instance of a challenge to the constitutionality of a statute governing appellate procedure that is necessarily made for the first time on appeal.").

7. *Collateral order doctrine.*

The appellants argue that they may directly appeal the orders under the collateral order doctrine. The collateral order doctrine applies to

> a very small class of interlocutory rulings [that] are effectively final in
> that they finally determine claims of right separable from, and collateral
> to, rights asserted in the action, too important to be denied review and

9

too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

*Duke*, 306 Ga. at 172-173 (1) (citation and punctuation omitted); see also *Buckner-Webb v. State*, 314 Ga. 823, 829-830 (2) (b) (878 SE2d 481) (2022) (refusing to expand the previously-established "very small class" of interlocutory rulings to which the collateral order doctrine has been found applicable, at least where the interlocutory appeal procedure was available and deeming that procedure to have been available where it was unsuccessfully pursued) (citation omitted). The two orders at issue, both of which concern the order appointing an emergency conservator, are not collateral to the action for the appointment of a conservator.

8. *Extraordinary remedies*.

Finally, the appellants argue that the orders are appealable under OCGA § 5-6-34 (a) (7) because they are "extraordinary remedies in equity." Two of the issues that the appellants raise in their appeal — that the court erred in entering the December 28, 2022 orders because the emergency conservatorship had ended and that the court erred in entering the orders because they asserted control over the wife's interest in the appellants' joint bank account — do not involve equitable issues. And the third issue that they present on appeal — that the court erred by entering the orders since

10

they were injunctions which the probate court lacked jurisdiction to enter — is based on the incorrect premise, discussed above, that the orders were injunctions.

"The jurisdiction of an appellate court to consider an appeal depends upon whether the appeal is taken in substantial compliance with the rules of appellate procedure prescribing the conditions under which the judgment of the trial court may be considered appealable." *Duke*, 306 Ga. 172 (1) (829 SE2d 348) (2019) (citation and punctuation omitted). Because we lack jurisdiction, we grant the appellees' motion to dismiss this appeal.

*Appeal dismissed. Brown and Markle, JJ., concur.*