# Court of Appeals
# of the State of Georgia

ATLANTA, November 05, 2025

*The Court of Appeals hereby passes the following order:*

## A26D0144. LORENZO SHELTON v. THE STATE.

In February 2007, Lorenzo Shelton pled guilty to kidnapping and aggravated assault with intent to rape, and the trial court imposed a total sentence of 40 years in prison. In 2011, we affirmed the denial of his motion for an out-of-time appeal. *Shelton v. State*, 307 Ga. App. 599 (705 SE2d 699) (2011), overruled in part, *Collier v. State*, 307 Ga. 363, 366–67 (1), 377–78 (appx.) (834 SE2d 769) (2019). And in May 2019, we dismissed, for lack of jurisdiction, Shelton's application for discretionary review of a March 2019 trial court order denying his motion to vacate his convictions. *Shelton v. State*, Case No. A19D0460 (May 16, 2019).

In August 2025, Shelton filed another "Motion to Vacate Conviction," in which, according to the trial court, he sought leave to file an out-of-time appeal.[1] In an order entered on August 27, 2025, the trial court dismissed the motion in part (to the extent that Shelton sought to challenge his convictions or sentences as void) and denied it in part as untimely (to the extent that Shelton sought permission to file an out-of-time appeal).

On or about September 23, 2024, Shelton mailed an application for discretionary review of the August 27 order (intended for this Court) to the Georgia Superior Court Clerks' Authority. After being notified of his error, Shelton mailed

---

[1] Shelton has not provided a copy of this motion or any responses thereto with his application materials, in violation of Court of Appeals Rule 31(e).

his discretionary application to this Court on October 9, 2025, and it was docketed on that date pursuant to Court of Appeals Rule 4(c). We lack jurisdiction.

An application for discretionary review must be filed within 30 days of entry of the order or judgment sought to be appealed. OCGA § 5-6-35(d). "[T]he failure to meet the statutory deadline for filing a discretionary appeal is a jurisdictional defect." *Gable v. State*, 290 Ga. 81, 82 (2) (a) (720 SE2d 170) (2011). Accord *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989) (the requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith). Shelton's current application is untimely, as it was filed 43 days after entry of the order he seeks to appeal.

With his application materials, Shelton has filed a "Motion to accept Notice of Appeal as Timely Filed," which we construe as a request for an extension of time to file his application. In that motion, Shelton asserts that he mistakenly sent the application in a timely manner to this Court at an address on Century Boulevard in Atlanta, which, he claims, "was the address previously listed for [this] Court in several [unidentified] legal resources and correspondence." He further claims that, at that time, he was "unaware" that this Court had "relocated" to its current address, because, he maintains, this Court's current address was not reflected in the [unidentified] public resources available to him from prison."

OCGA § 5-6-35(d) explicitly requires an application for discretionary review to be filed "with the clerk of the Supreme Court or the Court of Appeals within 30 days of the entry of the order, decision, or judgment complained of." This Court's current address — which is prominently displayed on its website — has not changed since the beginning of 2020, and this Court has never had an address on Century Boulevard in Atlanta. We therefore reject Shelton's argument that he complied with OCGA § 5-6-35(d) by mailing his application to the wrong address before the deadline for filing an application expired. Moreover, Shelton's request for an extension of time to file a discretionary application was untimely submitted after the deadline for filing his application. See OCGA § 5-6-39(d) ("Any application to any court, justice, or judge

for an extension must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order."); Court of Appeals Rule 16(c) (a request for an extension of time to file a discretionary application "must be made prior to the expiration of the period for filing as originally prescribed"). Consequently, Shelton's "Motion to accept Notice of Appeal as Timely Filed" is hereby DENIED as untimely. As a result, his similarly untimely application for discretionary review is hereby DISMISSED for lack of jurisdiction, pretermitting whether it suffers from other jurisdictional defects. See OCGA § 5-6-35(d); *Gable*, 290 Ga. at 82 (2) (a); *Boyle*, 190 Ga. App. at 734.



*Court of Appeals of the State of Georgia*

  *Clerk's Office, Atlanta,* ___11/05/2025_____

　　　　*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

　　　　*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*