NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the
# Supreme Court of Georgia

No. S26A0395
Julius Burkett, Jr.
v.
The State

On Appeal from the Superior Court of Glascock County
No. 2006CR043

Decided: May 19, 2026

PINSON, Justice.

In August 2006, Julius Burkett, Jr., pleaded guilty to malice murder and other crimes.[1] In March 2022, Burkett moved for leave to file an out-of-time notice of appeal. That motion was dismissed because it was pending at the time that this Court decided *Cook v. State*, 313 Ga. 471 (2022), which ended the judicially cre-

---

[1] A Glascock County grand jury charged Burkett with malice murder, felony murder, aggravated assault, rape, aggravated battery, burglary, and aggravated stalking. Burkett entered a non-negotiated plea of guilty to malice murder, aggravated assault, aggravated battery, burglary, and aggravated stalking. He received a life sentence for malice murder and consecutive sentences of 20 years each for aggravated battery and burglary and ten years for aggravated stalking. The aggravated assault charge merged with the malice murder count and the remaining counts were nol prossed.

We note a potential merger issue with regard to the aggravated battery charge, which was based on the same conduct — striking the victim — as the malice murder conviction. See *Stribling v. State*, 304 Ga. 250, 254 (2018). But we do not reach that question due to the posture of the case.

ated practice of granting leave to file an out-of-time notice of appeal. See id. at 505 ("[P]ending … motions for out-of-time appeals in trial courts should be dismissed.").

But in May 2025, the General Assembly created a new statutory procedure, complete with criteria for a trial court to consider in determining whether to grant leave to file an out-of-time notice of appeal or motion for new trial, see 2025 Ga. L. 252 §§ 1-3 (codified at OCGA § 5-6-39.1). In doing so, the legislature also resurrected cases that had been dismissed based on *Cook*, giving any defendant "whose motion seeking an out-of-time motion for new trial or notice of appeal or whose granted out-of-time motion for new trial or notice of appeal was dismissed based upon the Supreme Court's decision in *Cook v. State* … the right to move for leave to file an out-of-time motion for new trial or notice of appeal until June 30, 2026." OCGA § 5-6-39.1(b).

Consistent with that provision, on August 28, 2025, Burkett moved for leave to file an out-of-time notice of appeal, citing the House Bill that ultimately became OCGA § 5-3-39.1. See 2025 Ga. L. 252, § 1-3 (House Bill No. 176). But the trial court dismissed the motion, citing *Cook*. Burkett appealed to the Court of Appeals, who transferred his appeal to this Court.

As an initial matter, the District Attorney argues that we lack jurisdiction over this appeal because "direct appeals from guilty pleas" must be appealed by application for discretionary appeal. OCGA § 5-6-35(a)(5.3). But this is not a direct appeal from his guilty plea; it is an appeal from the dismissal of Burkett's motion for leave to file an out-of-time appeal, which is directly appealable. See OCGA §§ 5-6-34(a)(1), 5-6-35. So the District Attorney's jurisdictional argument fails.

As for the merits of the appeal, we agree with the parties that dismissing Burkett's motion based on *Cook* was error.

2

Burkett is a defendant whose motion for leave to file an out-of-time notice of appeal was "dismissed based upon the Supreme Court's decision in *Cook*," so he has a right under OCGA § 5-6-39.1(b) to move for leave to file an out-of-time notice of appeal, and he did so within the timeframe required by the statute. Thus, instead of dismissing the motion under *Cook*, the trial court should have considered Burkett's motion in light of that statute's criteria for determining whether to grant a defendant leave to file an out-of-time notice of appeal. See OCGA § 5-6-39.1(a)–(b). The State agrees that the trial court should not have dismissed Burkett's motion under *Cook*, but it still asks us to affirm that dismissal because Burkett waived his right to appeal when he pleaded guilty in 2006 (in exchange for the State withdrawing its notice of intent to seek the death penalty against him). That, however, is an argument for the trial court to consider in the first instance when it considers Burkett's motion under OCGA § 5-6-39.1(a). We therefore vacate the trial court's judgment dismissing Burkett's motion and remand the case for the trial court to consider his motion under that statute.

In doing so, for the benefit of the parties, we note a looming jurisdictional defect. In the same act that created the new procedure for seeking leave to file an out-of-time motion for new trial or notice of appeal, the legislature also amended OCGA § 5-6-35, which lists the kinds of appeals that must be taken by application for discretionary appeal, to require filing such an application to bring "direct appeals from guilty pleas." See Ga. L. 2025 at § 1–2. (codified at OCGA § 5-6-35(a)(5.3)). Any such applications must be filed within 30 days of the entry of the challenged decision, OCGA § 5-6-35(d), or the appellate court in which the application is filed must dismiss the application for lack of jurisdiction, see *Gable v. State*, 290 Ga. 81, 82 (2011). And although OCGA § 5-6-39.1 allows a defendant to move for leave to file an "out-of-time

3

motion for new trial or notice of appeal" under certain circumstances, it says nothing about out-of-time applications for discretionary appeal. See OCGA § 5-6-39.1(a)(2)("If the judge grants [the motion for leave to file an out-of-time motion for new trial or notice of appeal], the defendant shall have 30 days to file an out-of-time motion for new trial or notice of appeal.").

This means that if a defendant has missed the jurisdictional deadline to file an application under OCGA § 5-6-35 to seek a direct appeal from his guilty plea, he has missed his opportunity to appeal his guilty plea, notwithstanding the availability of leave to file an out-of-time notice of appeal under OCGA § 5-6-39.1.

*Judgment vacated and case remanded. All the Justices concur, except Warren, P.J., not participating.*

4